No. 17,864.

CLEMENT M. WRIGHT *v.* HOUSING AUTHORITY OF THE CITY AND COUNTY OF DENVER.
(318 P. [2d] 1103)

Decided December 9, 1957.

Mr. ARNOLD ALPERSTEIN, Mr. CHARLES A. GRAHAM, Mr. WILLIAM F. REYNARD, for plaintiff in error.

Mr. CLIFFORD W. MILLS, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

PLAINTIFF in error seeks review and reversal of a judgment of the District Court in the City and County of

Denver, entered October 21, 1955, wherein the plaintiff in error appeared as one of four named plaintiffs, who purported to act in their own behalf and in behalf of all others similarly situated, and the defendant in error appeared therein as the defendant.

Plaintiffs in the trial court sought a declaratory judgment declaring the so-called Gwinn Amendment to the Independent Officers Appropriation Act, Title 42, Section 1411c, U. S. Code Annotated, and Resolution No. 418 of the Denver Housing Authority adopted pursuant to said Gwinn Amendment, unconstitutional and void, and declaring unlawful all acts of the defendant seeking to compel plaintiffs, occupants of public housing facilities, to comply with the Gwinn Amendment and said Resolution No. 418, as a condition of their occupancy of the public housing facilities of the defendant. The issues were made up in the trial court and certain documents and affidavits submitted, whereupon each of the parties moved for a summary judgment. The trial court sustained defendant's motion for a summary judgment and dismissed plaintiffs' complaint. In its judgment the trial court expressly found that the Gwinn Amendment and Resolution No. 418 were both constitutional, lawful and valid, and all actions of the defendant taken pursuant thereto seeking the application and enforcement thereof were lawful and valid.

By writ of error, Wright, one of the original four named plaintiffs, seeks review and reversal of this judgment.

It now appears from the record before us that the Gwinn Amendment was *temporary legislation,* failed of re-enactment in 1955, has expired and is no longer of any force or effect. The record before us, as supplemented. shows that on November 14, 1957, the defendant in error duly adopted Resolution No. 556, which provides:

"RESOLUTION NO. 556
"BE IT RESOLVED THAT RESOLUTION NO. 418

DATED NOVEMBER 6, 1952 RELATIVE TO EN-
FORCEMENT OF THE GWINN AMENDMENT BE,
AND IS HEREBY DECLARED NULL AND VOID,
AND NO LONGER IN EFFECT."

It thus appears that all questions presented to this Court for review are now moot and any review thereof would be a valueless task and serve no useful purpose.

It is therefore ordered that the writ of error be dismissed.