22698

PETERSON OUTDOOR ADVERTISING CORPORATION, Appellant v. BEAUFORT COUNTY, Respondent.

(354 S. E. (2d) 563)

Supreme Court

*Charles Porter, E. Russell Jeter, Jr., William A. Jordan,* of *McNair Law Firm, P.A.,* Columbia, and *W. Brantley Harvey, Jr.* of *Harvey & Battey, P.A.,* Beaufort, *for appellant.*

*Ladson F. Howell,* of *Howell, Gibson & Boney, P.A.,* Beaufort, *for respondent.*

Heard Jan. 6, 1987.

Decided April 6, 1987.

*Per Curiam:*

This is an appeal from an order which upheld a portion of a Beaufort County ordinance which regulates billboards. We dismiss the appeal as moot.

Appellant Peterson Outdoor Advertising Corporation owns a considerable number of billboards which are adjacent to public highways in Beaufort County. Peterson rents billboard space to commercial advertisers for off-premises advertising. In 1984 the Beaufort County Council passed an ordinance which prohibited off-premises commercial billboards and provided an amortization scheme for compensating owners of existing non-conforming billboards. Peterson brought this action challenging the validity of the ordinance on first amendment grounds. The trial judge upheld the constitutionality of certain provisions of the ordinance, but invalidated those provisions relating to non-commercial expression. Peterson appealed, asserting error in the trial judge's failure to find the entire ordinance invalid on constitutional grounds. Beaufort County did not appeal.

In 1986, while this appeal was pending, Beaufort County repealed the 1984 ordinance and enacted a new billboard ordinance. The substantive changes in the 1986 ordinance were intended to cure the constitutional infirmities which formed the basis for the unappealed portions of the trial judge's order. Other provisions of the 1986 ordinance closely paralleled the provisions of the 1984 ordinance which are the subject of this appeal.

At the direction of the Court, the parties have briefed the issue of whether the repeal and reenactment of the ordinance have mooted this appeal. We agree with Peterson that the repeal of the ordinance moots this appeal. A case is moot when judgment, if rendered, will have no practical effect upon the existing controversy. *McCoy v. McCoy*, 283 S. C. 383, 323 S. E. (2d) 517 (1984).

The general rule is that the repeal or amendment of a zoning ordinance during an appeal renders the appeal moot. *Moncla v. City of Lafayette*, 226 So. (2d) 572 (La. App. 1969); 5 CJS, Appeal & Error, Section 1354(1). *See also, Benefield v. Morrison*, 272 Ala. 520, 133 So. (2d) 60 (1961); *Wright v. Housing Authority of City & County of Denver*, 136 Colo. 448, 318 P. (2d) 1103 (1957); *Board of Public Instruction of Orange County v. Budget Commission of Orange County*, 249 So. (2d) 6 (Fla. 1971). The Court of Appeals has held that repeal or amendment of an ordinance during the pendency of an appeal renders the appeal moot. *City of Aiken v. Cole*, 289 S. C. 239, 345 S. E. (2d) 760 (Ct. App. 1986). *See also, Nolas Trading Company, Inc. v. South Carolina Department of Health and Environmental Control*, 289 S. C. 345, 345 S. E. (2d) 507 (Ct. App. 1986).

Beaufort County argues the repeal and reenactment of the ordinance should not moot the appeal because the provisions of the ordinance which are the subject of this appeal are substantially unchanged. *See, West Virginia Board of Dental Examiners v. Storch*, 146 W. Va. 662, 122 S. E. (2d) 295 (1961). However, this would require an appellate court to make a line-by-line, or word-by-word, comparison of the two ordinances and to divert its attention from the merits of the appeal. There would be substantial potential for disputes as to whether parallel provisons of the two ordinances have the same meaning. In the absence of a showing that the repeal and reenactment were effectuated solely to preclude appellate review, we agree with Peterson the appeal is moot.

Accordingly, the appeal is

Dismissed.

CHANDLER, J., not participating.