22908

CALIBOGUE GARDENS DEVELOPMENT GROUP, INC. and Donald R. Knauss, Respondents v. The TOWN OF HILTON HEAD ISLAND and The Town Board of Adjustment, Appellants.

(372 S. E. (2d) 590)

Supreme Court

*William B. Regan,* Charleston, *for appellants.*

*George Mullen,* of *McKay & Mullen,* Hilton Head, *for respondents.*

*Amicus curiae Philip C. Lyman,* Hilton Head Island, *for Spanish Wells Property Owners Ass'n, Inc.*

Heard June 6, 1988.

Decided Sept. 26, 1988.

CHANDLER, Justice:

This is an appeal from an order striking down, as violative of enabling statutes, a temporary, interim zoning ordinance (DSO), enacted in 1985 by the Town of Hilton Head (Town). Because the issue on appeal is moot, we vacate the order and remand for further proceedings.

## FACTS

In November 1986, Calibogue Gardens Development Group, Inc. (Calibogue) submitted an application to the Town Planning Commission (Commission) for preliminary approval of a planned unit development. On December 3,

1986, the Planning Commission rejected the application for noncompliance with the DSO.

Prior to the affirmance of the Commission's ruling by the Board of Adjustment, the Town enacted a comprehensive zoning plan (LMO) which repealed the DSO. The LMO contains a "grandfather" provision validating permits previously granted under the DSO.

On March 26, 1987, Calibogue appealed the Board of Adjustment's decision to the Circuit Court, contending that the DSO failed to comply with mandatory provisions of the General Assembly's enabling statutes. The Circuit Court agreed and ordered that Calibogue's application be granted, resulting in this appeal.

## MOOTNESS

We directed the parties to address the mootness of this appeal under our decision in *Peterson Outdoor Advertising Corp. v. Beaufort County*, 291 S. C. 533, 354 S. E. (2d) 563 (1987). In *Peterson* we held that an appeal challenging a zoning ordinance becomes moot when the ordinance is repealed.

The parties have, in effect, conceded that repeal of the DSO has rendered moot the question of its validity. Their arguments address Calibogue's rights under the "grandfather" provision of the LMO, an issue not presented to and, therefore, not considered by the Circuit Court.

Accordingly, we vacate the Circuit Court's order and remand for a determination of Calibogue's rights under the LMO. On remand, the parties may amend their pleadings and the Circuit Court may consider additional evidence relating to the issue.

Vacated and remanded.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.