517 S.E.2d 436

**R.L. JORDAN OIL COMPANY OF NORTH
CAROLINA, INC., Appellant,**

v.

**YORK COUNTY ZONING BOARD OF APPEALS**
and York County Planning and Development
Services, Respondents.

No. 24952.

Supreme Court of South Carolina.

Heard April 7, 1999.
Decided June 14, 1999.

Matthew A. Henderson, of Henderson, Brandt & Vieth, of Spartanburg, and Joshua M. Henderson, of Kennedy, Covington, Lobdell & Hickman, L.L.P., of Rock Hill, both, for appellant.

Melvin B. McKeown, Jr., of McKeown Law Firm, of York, for respondent.

TOAL, Justice:

This case is on appeal from the circuit court's decision upholding the zoning board of appeal's denial of grandfather status for three video poker machines.

### FACTUAL/PROCEDURAL BACKGROUND

Jordan is the owner/operator of Hot Spot # 6, a convenience store in Bowling Green, York County, South Carolina. Jordan has operated a number of video poker machines at the Hot Spot # 6 for over a decade. In June 1993, Jordan contracted with Carolina Games to install five video poker games in the store. Jordan operated these machines while Carolina Games remained the owner of the games. Under this arrangement, Carolina Games had the responsibility for obtaining all necessary video poker licenses.

At the time Carolina Games installed the machines at the Hot Spot # 6, York County did not have any licensing requirement for video poker machines. On January 3, 1994, York County enacted Ordinance No. 294 containing the County's first video poker licensing requirement. York County Ordinance No. 294 imposes a $300 licensing fee on each machine operated in the county. Failure to pay the fee may result in a fine between $100 and $500 dollars or up to 30 days imprisonment for each offense. County licenses for the five machines owned by Carolina Games at the Hot Spot # 6 were never purchased. The County never enforced the ordinance's fines against Carolina Games or Jordan.

In November 1994, the citizens of York County voted in a referendum to ban video poker machines. In May 1995, Carolina Games decided to remove its five machines from the Hot Spot # 6 in anticipation of the July 1, 1995 ban on video poker in York County. On June 22, 1995, Jordan learned that the video poker ban would be postponed. The next day, Jordan installed 2 video poker machines in the Hot Spot # 6 and obtained both the state and county licenses.

The County's ban on video poker was eventually ruled unconstitutional by this Court in *Martin v. Condon*, 324 S.C. 183, 478 S.E.2d 272 (1996). On February 10, 1997, in response to the ban's demise, York County passed Ordinance No. 497 including new video poker regulations. Ordinance No. 497 included a "Grandfather Clause" that allowed the continued operation of video poker machines that met certain criteria.

In February 1997, Jordan began applying to the York County Planning Department to have the Hot Spot # 6 recognized as in compliance with the Grandfather Clause for five video poker machines. While Jordan presented evidence that it operated five machines at the Hot Spot # 6 at a time prior to York County Ordinance No. 497's cutoff date of June 30, 1995, the Planning Department issued a recognition of zoning compliance for only 2 machines. On February 13, 1997, the York County Zoning Board of Appeals ("ZBA") affirmed the decision to grandfather only 2 machines. Both the decision of the Planning Department and the ZBA relied on the fact that Jordan had only two county licenses at the time of the Ordinance's June 30, 1995 cutoff date.

Jordan appealed ZBA's decision to the circuit court. The action was tried without a jury and an order entered affirming the grandfathering of only two machines at the Hot Spot # 6. Jordan then appealed to this Court.

### LAW/ANALYSIS

■ Jordan claims that under the York County Grandfather Clause it is entitled to have five machines at the Hot Spot # 6. We agree.

■ On February 16, 1998, York County amended the ordinance under which this controversy began, altering significantly the Grandfather Clause. "The general rule is that the

repeal or amendment of a zoning ordinance during an appeal renders the appeal moot." *Peterson Outdoor Advertising Corp. v. Beaufort County*, 291 S.C. 533, 535, 354 S.E.2d 563, 564 (1987). The Grandfather Clause of the York County Ordinance under discussion has been materially altered since the appeal of this case began. Under the principle espoused in *Peterson*, this Court could dismiss Jordan's appeal in order to allow the company to bring its request under the new version of the ordinance. Another option is to vacate the Circuit Court's order and remand for a determination of Jordan's rights under the new ordinance. *See Calibogue Gardens Development Group, Inc. v. Town of Hilton Head Island*, 296 S.C. 342, 372 S.E.2d 590 (1988). Neither option is necessary in the current case because there are no new factual findings necessary to resolve the dispute under the amended ordinance.

York County Ordinance 497, when originally applied to Jordan, limited the number of games in a grandfathered establishment to the number of machines in operation on the effective date of the ordinance. The County determined that there were only two machines in operation at the location on that date and therefore only grandfathered two machines. The County has since removed from the ordinance the restriction on an establishment from having more than the number of games in operation on the effective date. Section 4 currently states as follows:

 (i) the owner, lessee or operator of such video poker establishment has owned, leased or operated a video poker establishment at the location for which grandfather status is claimed in compliance with state law for a continuous and uninterrupted period of not less than six months before June 30, 1995; and

 (ii) the owner, lessee or operator of such video poker establishment, or the owner of video poker or electronic video game machines located in such establishment, obtained and continuously maintained current valid county and state licenses for video poker machines or electronic video game machines at the location for which grandfather status is claimed; and

(iii) the video poker establishment seeking grandfather status was located in the Business Development District/Convenience (BD–I), Business Development District/General (BD–III), or Urban Development District (UDD) Zoning Districts and had obtained all building permits and certificates of occupancy required under applicable state and county codes and laws; and

(iv) the operation of a video poker establishment was the principal use or a lawful incidental, subordinate or accessory use of the property claimed; provided that the number of video poker machines or electronic game machines may not exceed the number of such machines in operation at the building or property for which grandfather status is claimed on June 30, 1995, *or the number of such machines permitted at such location under applicable provisions of state statutes, county ordinances or applicable regulations.*

(v) the issuance of licenses for video poker machines or electronic video game machines shall not be deemed to constitute approval of the placement, use, location or operation of such machines in any zoning district or at any location at which video poker establishment uses are not a permitted use under the York county Zoning and Development Standards Ordinance as amended by Ordinance 497, state statutes and regulations, and this ordinance. (Emphasis added).

Under the previous County ordinance, the ZBA made the determination that Jordan only had two machines on the effective date of the ordinance and therefore could only be allowed to grandfather two machines. Under the newly amended ordinance, if Jordan is entitled to any video poker machines at the location, it is entitled to the "number of such machines permitted at such location under applicable provisions of state statutes, county ordinances or applicable regulations." Since the County has already determined that Jordan met all the requirements for two machines at the location, under the amended ordinance, the County cannot deny that Jordan is entitled to the other three machines to reach the maximum number permitted by applicable law.

CONCLUSION

For the foregoing reasons, the order of the circuit court is REVERSED.

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.