606 S.E.2d 464

Edward SLOAN, Jr., individually, and as a Citizen, Resident, Taxpayer and Registered Elector of Greenville County, and on behalf of all others similarly situated, Respondent,

v.

GREENVILLE COUNTY, a Political Subdivision of the State of South Carolina, Dozier Brooks, Scott Case, C. Wade Cleveland, Bob Cook, Joseph Dill, Lottie Gibson, Allen "Bunk" Johnson, Mark C. Kingsbury, Xanthene Norris, Stephen Selby, and Dana Sullivan, Paul B. Wickensimer in their official capacity as Greenville County Council Members, Petitioners.

No. 25899.

Supreme Court of South Carolina.

Heard June 8, 2004.

Decided Nov. 22, 2004.

Thomas H. Coker, Jr., Boyd B. Nicholson, Jr., and Joel M. Bondurant, Jr., all of Haynsworth Sinker Boyd, P.A., of Greenville, for Petitioners.

James G. Carpenter and Jennifer J. Miller, both of The Carpenter Law Firm, P.C., of Greenville, for Respondent.

Justice PLEICONES:

We granted certiorari to consider a Court of Appeals' decision reversing the circuit court's dismissal as moot of two

suits brought by respondent (Sloan).[1] *Sloan v. Greenville County*, Op. No.2002–UP–598 (S.C. Ct.App. filed October 1, 2002). We reverse.

## FACTS

Sloan brought this action against petitioners (collectively 'County') seeking a declaration that County had violated its procurement ordinance in contracting a 1998 road construction project and a 1999 family court renovation project. The ordinance permits the County to choose between several bidding methods when awarding these contracts, and requires there be a written "determination for the method of source selection utilized." Sloan challenges the adequacy of the written determinations in these two projects. Both projects were completed before the suits were heard.

The circuit court dismissed the road suit on the ground of mootness, rejecting Sloan's contention that the "public importance" exception to mootness should be applied. The family court renovation suit was also dismissed as moot and the "public importance" argument was similarly rejected.

The family court case and the 1998 road case were heard together at the trial level and the orders of dismissal were consolidated for appeal. The Court of Appeals reversed the orders dismissing the suits. We granted County's petition for a writ of certiorari.

## ISSUE

Whether the Court of Appeals erred in reversing the circuit court's dismissal of Sloan's suits as moot?

## ANALYSIS

 This Court has recognized a "public importance" exception to mootness holding that "an appellate court may decide questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest." *Curtis v. State*, 345 S.C. 557, 549 S.E.2d 591 (2001)(internal citations omitted). The determination whether a particular suit raises "questions of imperative and manifest

---

1. The cases were combined for purposes of this appeal.

urgency" must be decided on an individual basis. In this case, the Court of Appeals focused not on the standard for invoking this exception ("questions of imperative and manifest urgency"), but instead on the label applied to it ("matter of important public interest"). In seeking to define important public interest for purposes of applying this exception, the Court of Appeals relied upon one of its decisions which held that, for purposes of determining taxpayer standing, "the expenditure of public funds pursuant to a competitive bidding statute is of immense public importance." *Sloan v. School Dist. Of Greenville County,* 342 S.C. 515, 537 S.E.2d 299 (Ct.App.2000). Relying upon this ruling, the court concluded "the competitive sealed bidding process is a question of public importance, both in the context of standing and in the context of [County's compliance with the procurement ordinance's requirement] of the written determination." *Sloan v. Greenville County,* supra.

■ The Court of Appeals applied an incorrect standard, substituting "public importance" for "imperative and manifest urgency." Further, the court erred in adopting a categorical exception to the mootness doctrine for cases questioning the competitive sealed bidding process. Such an approach is inconsistent with the limited nature of the exception for questions of "imperative and manifest urgency."

■ Sloan would have the courts declare whether written source selection determinations made by County in awarding a 1998 road construction project and a 1999 family court renovation project were adequate. Assuming without deciding that County's compliance with its procurement ordinance is an issue of public importance for purposes of invoking this exception to the mootness doctrine, we must determine whether the questions posed involve matters of "imperative and manifest urgency."

Since these actions were commenced, the Court of Appeals has issued two opinions addressing the adequacy of the County's written determinations under the procurement ordinance. *See Sloan v. Greenville County,* Op. No.2004–UP–277 (S.C. Ct.App. filed April 22, 2004) (written determinations used in 2001–2002 road projects); *Sloan v. Greenville County,* 356 S.C. 531, 590 S.E.2d 338 (2003) (2000 and 2001 road projects

and 1999 forensics lab renovation). These two opinions provide County the judicial guidance in drafting the determinations that Sloan is seeking in the present cases. Further, the County ordinance has been amended and now requires an independent monitor to oversee the procurement of design-build services, and requires public notice and an opportunity to be heard when the project cost exceeds $5 million. In light of these developments, we hold there is no imperative or manifest urgency in obtaining an advisory opinion on the application of an obsolete procurement ordinance to these completed projects.

## CONCLUSION

The Court of Appeals' opinion, which reversed the circuit court's dismissal of these suits as moot, is

REVERSED.

WALLER and BURNETT, JJ., concur. MOORE, J., dissenting in a separate opinion in which TOAL, C.J., concurs.

Justice MOORE (dissenting):

I respectfully dissent from the majority opinion because I believe the Court of Appeals properly reversed the circuit court's dismissal of two suits brought by respondent (Sloan). I would affirm as modified the Court of Appeals' opinion and find that Sloan's suits are not moot and that Sloan has standing to bring the suits in circuit court.

### Mootness

An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy. *Curtis v. State,* 345 S.C. 557, 549 S.E.2d 591 (2001), *cert. denied,* 535 U.S. 926, 122 S.Ct. 1295, 152 L.Ed.2d 208 (2002). Moot appeals differ from unripe appeals in that moot appeals result when intervening events render a case nonjusticiable. *Id.* A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy. *Id.* This is true when some event occurs making it impossible for the reviewing Court to grant effectual relief. *Id.*

An exception to the mootness doctrine is that questions of public interest originally encompassed in an action should be decided for future guidance, however abstract or moot they may have become in the immediate contest. *Ashmore v. Greater Greenville Sewer Dist.*, 211 S.C. 77, 44 S.E.2d 88 (1947). The Court of Appeals found, pursuant to *Ashmore*, that this case falls into the public importance exception to the mootness doctrine and that a ruling on the merits of Sloan's suits would provide future guidance to petitioner.

The majority, relying on *Curtis v. State, supra*, finds the Court of Appeals applied the incorrect standard for determining whether a case falls into the public importance exception to the mootness doctrine. The majority states "the Court of Appeals focused not on the standard for invoking this exception ("questions of imperative and manifest urgency"), but instead on the label applied to it ("matter of important public interest")."

This Court, in *Curtis*, stated that one exception to the mootness doctrine is that: "an appellate court may decide questions *of imperative and manifest urgency to establish a rule for future conduct in matters* of important public interest." *Curtis*, 345 S.C. at 568, 549 S.E.2d at 596 (emphasis added). However, I do not believe *Curtis*, via the language italicized above, imposed an additional requirement to the public importance exception to the mootness doctrine. To read *Curtis* to impose a requirement that a question must be of "imperative and manifest urgency" to meet the public importance exception is against the jurisprudence of this state. *See Berry v. Zahler*, 220 S.C. 86, 66 S.E.2d 459 (1951) (questions of public interest should be decided for future guidance, however abstract or moot they may have become in the immediate contest); *Ashmore v. Greater Greenville Dist., supra* (same). I would hold that questions of public interest should be decided for future guidance without a requirement that there be some urgency to the matter.

Accordingly, the Court of Appeals correctly held that this case falls squarely within the public interest exception. As the Court of Appeals has noted in a similar case, an important public interest exists in the stewardship of public funds and a strong need exists to provide guidance for future procurement

decisions. *Sloan v. Greenville County,* 356 S.C. 531, 590 S.E.2d 338 (Ct.App.2003) (*Sloan 2003*). The inability to provide any effective relief in a case should not be a barrier to the court's consideration of a question of exceptional public interest. *Id.*

Because a question of important public interest is involved, I would hold the Court of Appeals properly reversed the circuit court's decision to dismiss the suits as moot.

### Standing

Although the Court of Appeals did not address the issue whether Sloan had standing to bring the suits against petitioners, I would now address this issue.

To have standing to institute an action, one must have a personal stake in the subject matter of the lawsuit. *Evins v. Richland County Historic Pres. Comm'n,* 341 S.C. 15, 532 S.E.2d 876 (2000). This Court has consistently held that a private individual may not invoke the judicial power to determine the validity of an executive or legislative act unless the private individual can show that, as a result of that action, a direct injury has been sustained, or that there is immediate danger a direct injury will be sustained. *Joytime Distribs. & Amusement Co., Inc. v. State,* 338 S.C. 634, 528 S.E.2d 647 (1999), *cert. denied,* 529 U.S. 1087, 120 S.Ct. 1719, 146 L.Ed.2d 641 (2000). Moreover, the injury must be of a personal nature to the party bringing the action, not merely of a general nature that is common to all members of the public. *Id.*

The general rule is that a taxpayer may not maintain a suit to enjoin the action of State officers when he has no special interest and his only standing is the exceedingly small interest of a general taxpayer. *Crews v. Beattie,* 197 S.C. 32, 14 S.E.2d 351 (1941). The mere fact that the issue is one of public importance does not confer upon any citizen or taxpayer the right to invoke a judicial determination of the issue. *Id.* For a plaintiff to have taxpayer standing, the party must demonstrate some overriding public purpose or concern to confer standing to sue on behalf of his fellow taxpayers. *Sloan v. Greenville County,* 356 S.C. 531, 590 S.E.2d 338 (Ct.App.2003). *See also Baird v. Charleston County,* 333 S.C. 519, 511 S.E.2d 69 (1999) (standing may be conferred upon a

party when an issue is of such public importance as to require its resolution for future guidance).

Sloan has standing because the question presented is of such substantial public importance as to warrant a resolution for future guidance. *See, e.g. Sloan v. School Dist. Of Greenville County,* 342 S.C. 515, 537 S.E.2d 299 (Ct.App.2000). The public interest involved is the prevention of the unlawful expenditure of money raised by taxation.

With specific regard to procurement of services for public works projects, the Court of Appeals has found:

> The expenditure of public funds pursuant to a competitive bidding statute is of immense public importance. Requiring that contracts only be awarded through the process of competitive sealed bidding demonstrates the lengths to which our government believes it should go to maintain the public's trust and confidence in governmental management of public funds. The integrity of the competitive sealed bidding process is so important that in some states "once a contract is proved to have been awarded without the required competitive bidding, a waste of public funds [is] presumed ... without showing that the municipality suffered any alleged injury."

*Sloan 2003,* 356 S.C. at 550–551, 590 S.E.2d at 348–349 (citation and quotation omitted).

The Court of Appeals' reasoning in *Sloan 2000* and *Sloan 2003* compels the same result in the instant case. Here, Sloan has an interest as a taxpayer in how public funds were spent. The projects required the expenditure of millions of taxpayer dollars and this burden was borne exclusively by the taxpaying citizens of Greenville County. Sloan, therefore, has a material interest in whether the County followed the procurement procedures set out in the county code.

As stated in *Sloan 2003,* the issue in the present case is of sufficient public importance to confer standing. Resolution of the issues in this case will likely have an impact on government practices beyond the confines of the case itself. Greenville County and other public entities must be accountable under the laws that govern how they spend public money.

For these reasons, Sloan has standing to pursue these suits in the circuit court. Therefore, I would affirm as modified the opinion of the Court of Appeals.

TOAL, C.J., concurs.