THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joseph Richardson, Katherine Mosley Morrison and William E. Mosley, Plaintiffs, of whom Joseph Richardson is,
Appellant,
v.
Fairfield County, by and through the Fairfield County Council,
Respondent.
I-77 Properties, LLC, Intervenor.
 
 
 

Appeal From Fairfield County
 John C. Few, Circuit Court Judge

Unpublished Opinion No. 2006-UP-263
Heard April 6, 2006  Filed May 24, 2006

AFFIRMED

 
 
 
Joseph Richardson, of Columbia, pro se.
Peter D. Protopapas, Keith M. Babcock, A. Camden Lewis, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Joseph Richardson brought suit against Fairfield County for injuries resulting from a purported violation of the Freedom of Information Act (FOIA).  The trial court dismissed Richardsons suit for mootness.  Richardson appeals the order, arguing the trial court erred:  (1) in dismissing the action after granting leave to amend the complaint; (2) in dismissing the action when relief having a practical legal effect on the existing controversy was available; and (3) in the alternative, finding the public importance exception to the mootness doctrine did not apply.  We affirm.  
FACTS
On April 22, 2003, the Fairfield County Council noticed a Worksession/Special Meeting for April 23, 2003.  The notice included the location of the meeting, the date and time of the meeting, and an agenda for the meeting.  In addition, the notice listed C&D Landfill under Items for Discussion.    
At the April 23, 2003 meeting, the County Council voted to issue a Letter of Consistency to I-77 Properties, LLC, (Company) indicating Companys proposed landfill was consistent with county ordinances.    Company needed a Letter of Consistency to comply with the Department of Health and Environmental Controls (DHEC) then existing permitting process.  At that time, DHEC delegated authority to the counties to determine whether a landfill was consistent with county ordinances, one requirement for receiving a permit for a landfill.   
On May 23, 2003, Richardson filed a complaint against Fairfield County for various causes of action.  On July 7, 2003, Richardson filed an amended complaint adding two other plaintiffs and alleging two causes of action.  Richardson alleged the Letter of Consistency was issued illegally and in violation of his due process rights under the South Carolina and United States Constitutions.  Richardson also alleged Fairfield County violated FOIA by holding a meeting without providing proper notice of the meetings agenda.  Specifically, Richardson argued the notice was overly vague and requested that the court issue an injunction preventing County Council from sending the Letter of Consistency to DHEC.  Company intervened in the action.        
In April of 2004, in Southeast Resource Recovery, Inc. (SRRI) v. South Carolina Department of Health and Environmental Control, the South Carolina Supreme Court held DHEC, not the county, is charged with ensuring proposed landfills meet the requirements for permitting, and, thus, DHEC cannot delegate to the counties the authority to determine consistency with county ordinances through the counties issuance of Letters of Consistency.  Southeast Resource Recovery, Inc. v. South Carolina Dept of Health & Envtl. Control, 358 S.C. 402, 408, 595 S.E.2d 468, 471 (2004).  Based on the courts holding in SRRI, Fairfield County filed a motion to dismiss for mootness pursuant to Rule 12,
SCRCP.    
The circuit court held a hearing on the motion to dismiss on July 14, 2004.  At the hearing, Richardson moved to amend the complaint a second time in order to eliminate his due process claim.  The court granted leave to amend and then heard arguments surrounding Fairfield Countys motion to dismiss the FOIA claim.  By order, the court granted the Countys motion to dismiss for mootness.        
Richardson filed a Motion to Reconsider the Order Granting Dismissal.     The court denied Richardsons Motion to Reconsider.  This appeal followed.    
STANDARD OF REVIEW
The decision to grant a Rule 12(b)(6), SCRCP, motion to dismiss must be based solely upon the allegations set forth in the complaint.  Carolina Care Plan, Inc. v. United Healthcare Servs., Inc., 361 S.C. 544, 550, 606 S.E.2d 752, 755 (2004).  A 12(b)(6) motion should not be granted if the facts alleged and the inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case.  Gentry v. Yonce, 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999).  The question is whether, viewing the allegations in the light most favorable to the plaintiff, the complaint states any valid claim for relief, even if the court doubts that the plaintiff will prevail.  Carolina Care Plan, Inc., 361 S.C. at 550, 606 S.E.2d at 755. 
DISCUSSION
I.                 
Dismissal After Granting Leave to Amend 
Richardson argues the trial court erred in dismissing this action after granting Richardson leave to amend his complaint.  We disagree.
Generally, [a]n order to amend carries with it permission to file the amended pleading.  71 C.J.S. Pleading § 423 (2000).  Permission to amend the complaint contemplates an amendment which will cure the defects of the pleading without changing the essential basis of the cause of action which it originally attempted to set out. Id.  The amended pleadings must be in conformity with the order to amend.  Id.  
Initially, we find this issue is not preserved for review.  At the hearing, the trial court granted Richardson leave to amend the complaint to eliminate the first cause of action and then permitted Richardson to retain the allegations contained within the first cause of action to be included in the second cause of action in the amended complaint.  Subsequently, without objection, the court considered DHECs motion to dismiss the FOIA claim, the second cause of action.  Because Richardson offered no objection to this procedure, he failed to properly preserve the issue for this courts review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ([A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.); Taylor v. Medenica, 324 S.C. 200, 212, 479 S.E.2d 35, 41 (1996) (noting failure to object at trial waives argument on appeal); Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001, 322 S.C. 127, 132, 470 S.E.2d 373, 376 (1996) (recognizing a contemporaneous objection is required to preserve an issue for appellate review).  Furthermore, Richardsons Rule 59(e) motion, arguing the trial court erred in ruling on the issue of mootness before Richardsons second amended complaint could be filed, is not sufficient to preserve this issue.  See Patterson v. Reid, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) (stating, [a] party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial).        
In any event, this issue fails on the merits.  After granting leave to amend pleadings, the trial court may still rule on a motion to dismiss pleadings that are unaffected by the leave to amend.  See Skudowitz v. Basha et. al., 106 S.C. 541, 544, 91 S.E. 868, 868 (1917) (recognizing trial court has discretion to grant partys motion to amend pleadings at any stage in the trial even though it might have been necessary to withdraw the case from the jury and continue it, to prevent prejudice to the opposite party) (emphasis added); cf.
Shah v. Richland Meml Hosp., 350 S.C. 139, 147-51, 564 S.E.2d 681, 685-87 (Ct. App. 2002) (holding the trial court erred in failing to grant leave to amend pleadings to add additional party but upholding the trial courts dismissal of one of plaintiffs claims due to mootness).  
Moreover, even assuming a procedural abnormality, we fail to see how Richardson was prejudiced by the courts decision to rule prior to a formal amendment to the pleadings.  In amending his complaint during the hearing, Richardson did not add any new causes of action, but instead, eliminated the first cause of action and retained the FOIA claim along with any relevant allegations that were part of the first cause of action. Moreover, Richardson was then permitted to argue the merits of the FOIA claim.  Thus, the court and the parties were cognizant of the substance of the remaining cause of action and any related issues.  See Rule 15(b), SCRCP (When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.); see also Parker v. Spartanburg Sanitary Sewer Dist., 362 S.C. 276, 286, 607 S.E.2d 711, 716 (Ct. App. 2005) (The prejudice Rule 15 envisions is a lack of notice that the new issue is going to be tried, and lack of opportunity to refute it.); Ball v. Canadian Am. Express Co., 314 S.C. 272, 275, 442 S.E.2d 620, 622 (Ct. App. 1994) (discussing Rule 15, SCRCP and stating [p]rejudice occurs when the amendment states a new claim or defense which would require the opposing party to introduce additional or different evidence to prevail in the amended action).   
II.              
Mootness 
Richardson contends the trial court erred in dismissing the FOIA claim as moot.  We disagree. 
The court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy.  Sloan v. Greenville County, 356 S.C. 531, 552, 590 S.E.2d 338, 349 (Ct. App. 2003).  A case becomes moot when a judgment, if rendered, would have no practical legal effect upon the existing controversy, thus making it impossible for the reviewing court to grant effectual relief.  State v. Passmore, 363 S.C. 568, 581, 611 S.E.2d 273, 280 (Ct. App. 2005).
Richardson asserts his claim is not moot because the court may provide equitable relief that remedies the injury caused by the County Councils purported FOIA violation.  Admittedly, for violations of FOIA, [t]he court may order equitable relief as it considers appropriate.  S.C. Code Ann. § 30-4-100(a) (1991).  Based on section 30-4-100(a), Richardson argues the court could invalidate the County Councils Letter of Consistency which may still be considered by DHEC, issue an order that would restore to their full lawful condition [Richardsons] and the publics statutory rights under FOIA, or order some other equitable relief.    
We find Richardson waived any right to an order invalidating the Letter of Consistency.  At the hearing, Richardson admitted the relief originally requested, to undo the Letter of Consistency, was no longer available.[1]    When asked by the court what relief Richardson sought, counsel responded, [t]he relief that I had asked for, your honor, was to undo the letter of consistency.  Obviously, we cant do that with S.R.I. [sic].  Based on this statement, we find Richardson abandoned his claim by failing to present any argument to the trial court.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ([A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.); In the Interest of Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004)(stating the trial court must be given an opportunity to resolve the issue
before it is presented to the appellate court).  
Additionally, Richardsons motion pursuant to Rule 59(e) did not preserve the issue.  First, Richardson could not use his motion to raise an issue which could have been presented to the court during the hearing.  Secondly, and more significantly, Richardson abandoned the issue at trial.  Finally, the trial court summarily denied the motion without specifically ruling on whether an order invalidating the Letter of Consistency would have a practical legal effect on the existing controversy.  Without a specific ruling, this court is unable to review any alleged error in the trial courts decision.  See Patterson, 318 S.C. at 185, 456 S.E.2d at 437 (A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial.);
Shealy v. Aiken County, 341 S.C. 448, 460, 535 S.E.2d 438, 444 (2000) (stating a trial judges general ruling is insufficient to preserve a specific issue for appellate review).  
Even on the merits, we find any other judgment that the court may render in Richardsons favor, other than a judgment effecting the disposition of the Letter of Consistency, would have no effect on the existing legal controversy.  Indeed, at the hearing, Richardson suggested one possible remedy that the court could fashion would be to order the county to revise their notice procedures but admitted this remedy was solely to protect citizens in future situations.  Also, in his brief, Richardson suggests the court could issue an order enjoining the Council from future FOIA violations or issue an injunction that the Council alter its notice methods to ensure future compliance with the law.  Richardsons suggested remedies and any other remedy the court could fashion would have no effect on the existing legal controversy, the Councils issuance of a Letter of Consistency for Companys proposed landfill.  To the contrary, the suggested remedies and any judgment other than a judgment affecting the disposition of the Letter of Consistency would only affect future situations.  Accordingly, the trial court properly dismissed Richardsons claim as moot.  See In re Chance, 277 S.C. 161, 161, 284 S.E.2d 231, 231 (1981) (recognizing South Carolina appellate courts have consistently refrained from issuing purely advisory opinions).  
III.          
Public Importance Exception to Mootness Doctrine 
In the alternative, Richardson alleges that if his claim is deemed moot, the trial court erred in failing to apply the public importance exception to the mootness doctrine.  We disagree. 
Under the public importance exception to the mootness doctrine an appellate
court may decide questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest.  Curtis v. State, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001).  The determination whether a particular suit raises questions of imperative and manifest urgency
must be decided on an individual basis.  Sloan v. Greenville County, 361 S.C. 568, 570-71, 606 S.E.2d 464, 466 (2004) (quoting Curtis, 345 S.C. at 568, 549 S.E.2d at 596).  Generally, the public importance exception is applied in a limited nature.  Sloan, 361 S.C. at 571, 606 S.E.2d at 466.
 This case does not fall under the public importance exception because there is no imperative or manifest urgency in ordering compliance with FOIA or ordering the Council to revise the notice procedures.  Furthermore, there is no evidence in the record to indicate that the alleged vagueness of the meeting notices was a recurring problem.  The question of the vagueness of the notice is subject to repetition, but will not usually become moot before it can be reviewed.  Thus, whenever the Council commits a violation of FOIA in the future, a citizen may then bring an action to remedy the specific injury caused by the violation.  Accordingly, the trial court did not err in refusing to apply the public importance exception to the mootness doctrine in this case. 
CONCLUSION
Based on the foregoing, we find the trial court did not err in dismissing Richardsons claim as moot.  The decision of the trial court is accordingly
 AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We note Richardsons admission may be in error.  The Supreme Courts ruling in SRRI may only limit DHECs reliance on a countys Letter of Consistency and may not dispel DHECs consideration of such letters.  However, we make no determination of SRRIs effect on Letters of Consistency because we find the issue is not preserved.