THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Edward D. Sloan, Jr., individually, and on behalf of all others similarly situated, Petitioner,
 v.
 Thomas L. Wagner, Jr., State Auditor, Respondent.
 
 
 

Appeal From Richland County
 Howard P. King, Circuit Court Judge
Memorandum Opinion No. 2007-MO-027
Submitted May 1, 2007  Filed May 7, 2007   
VACATED IN PART;  AFFIRMED IN PART.

 
 
 
 James G. Carpenter and Jennifer J. Miller, of The Carpenter Law Firm, of Greenville, for Petitioner.
 W. Allen Nickles, III, of Gergel, Nickles & Solomon, of Columbia; and Edwin E. Evans, of The State Budget and Control Board of Columbia, for Respondent.
 
 
 

PER CURIAM: Petitioner has filed a petition asking this Court to review the Court of Appeals order of dismissal.  Sloan v. Wagner, S.C. Ct. App. Order dated March 7, 2006.  We grant the petition, dispense with further briefing, affirm the portion of the Court of Appeals order dismissing the appeal as moot, but vacate that portion addressing the constitutionality of Act 164.   

FACTUAL/PROCEDURAL BACKGROUND
Petitioner sought declaratory and injunctive relief against the Office of the State Auditor based upon the State Auditors alleged failures to comply with the formatting requirements of S.C. Code Ann. § 11-7-30 (1986).[1]  The circuit court dismissed petitioners case for lack of standing.  During the appeal, the statute was amended by Act No. 164, 2005 Acts.[2]  The State Auditor moved to dismiss the appeal as moot.  Based on the amendments to the statute, the Court of Appeals dismissed the appeal as moot.
ISSUE

 Did the Court of Appeals err in dismissing petitioners appeal as moot?

DISCUSSION
Petitioner contends the Court of Appeals erred in dismissing his appeal because the court relied on Act 164, which violates the one subject provision of S.C. Constitution Art. III, § 17.  He argues further that the appeal should not have been dismissed as moot because it involves an issue of great public importance. 
 
The record in this case indicates the issue presented to the Court of Appeals was whether the State Auditor complied with the formatting requirements of § 11-7-30 (1986).  However, the Court of Appeals addressed whether the State Auditor produced audit reports within the requisite timing required by S.C. Code Ann. § 11-7-25 (2005).[3]  We hold the Court of Appeals improperly relied upon § 11-7-25 to dismiss the appeal as moot as the issue of timing was not properly before the Court of Appeals.  Additionally, section 11-7-25 is inapplicable to the case at hand because it does not address audits of state agencies.  
 
However, we hold the amendments to § 11-7-30 by Act 164 did render Sloans appeal moot.  Specifically, the amendments to section 11-7-30 no longer require the State Auditor to issue audit reports in a particular format.  Accordingly, an opinion issued by this Court on this issue would be hypothetical as this issue no longer presents a justiciable controversy.  See Sloan v. Friends of Hunley, Inc., 369 S.C. 20, 630 S.E.2d 474 (2006) (This Court only considers cases presenting a justiciable controversy.  A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical or abstract).  
Additionally, we hold there is no imperative or manifest urgency justifying the issuance of an advisory opinion on the State Auditors failure to comply with an old statutory provision.  See Sloan v. Greenville County, 361 S.C. 568, 606 S.E.2d 464 (2004) (holding there is no imperative or manifest urgency in obtaining an advisory opinion on the application of an obsolete procurement ordinance to completed projects where the county ordinance has been amended).  
 
Furthermore, an appellate court will avoid passing upon the constitutionality of an Act unless absolutely necessary.  Wallace v. Sumter County, 189 S.C. 395, 1 S.E.2d 345 (1939).  The general rule is that the repeal or amendment of a statute during an appeal renders the appeal moot.  Peterson Outdoor Adver. Corp. v. Beaufort County, 291 S.C. 533, 354 S.E.2d 563 (1987).  The general rule applies in the absence of a showing that the repeal or amendment was effectuated solely to preclude appellate review.  Id.  
 
In Peterson, supra, a billboard owner brought an action challenging the validity of a billboard ordinance, implemented by the Beaufort County Council, on first amendment grounds.  While an appeal was pending, the Beaufort County Council repealed the ordinance and enacted a new billboard ordinance.  This Court held the repeal and re-enactment of the billboard ordinance rendered the case moot because, even if the provisions of the old ordinance were substantially unchanged in the new ordinance, comparison of the two ordinances would require a line-by-line comparison and would divert the appellate courts attention from the merits of the appeal.
Subsequently, in R.L. Jordan Oil Co., of N.C., Inc., v. York County Zoning Bd. of Appeals, 335 S.C. 370, 517 S.E.2d 436 (1999), this Court stated, where the county amended its video poker machine ordinances grandfather clause during an appeal, it could either dismiss the appeal in order to allow the company to bring its request under the new version of the ordinance or remand for a determination of petitioners rights under the new ordinance.  The Court held neither option was necessary because there were no new factual findings needed to resolve the dispute under the amended ordinance.  
 
The Court of Appeals summarily found portions of Act 164 constitutional, while implicitly finding other portions unconstitutional.  Because we find the constitutionality of Act 164 requires additional findings and should not be addressed summarily in an order of dismissal, we vacate that portion of the Court of Appeals order.  However, we affirm that portion of the order dismissing petitioners appeal as moot.  Peterson, supra.  
 
VACATED IN PART;  AFFIRMED IN PART. 
TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.

[1] The statute required: The State Auditor shall, on or before the thirteenth day of June in each year, file with the Governor his report of the condition of each such State officer and institution, showing:  (1) The amount received from all sources by each; (2) The amount expended by each; (3) The nature of the vouchers for such expenditures; (4) Whether the expenditures were authorized by law; and (5) Any irregularities which may have been recorded by his examination.  
 
[2] S.C. Code Ann. § 11-7-30 (2005) states, [r]eports of audit findings must be available to the Governor, Budget and Control Board, General Assembly, and the general public.  The State Auditor shall notify the Governor, the General Assembly, and the  Budget and Control Board immediately upon the issuance of an audit report.  
 
[3] Section 11-7-25 addresses audits of county and municipal treasurers, county court clerks, magistrates, and municipal courts.