770 S.E.2d 399

**SOUTH CAROLINA PUBLIC INTEREST FOUNDATION
and Edward D. Sloan, individually, and on behalf of
all others similarly situated, Appellants,**

**v.**

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION
and John V. Walsh, Deputy Secretary of Transportation
for Engineering, Respondents.**

Appellate Case No. 2012–213599.
No. 5299.

Court of Appeals of South Carolina.

Heard Dec. 9, 2014.
Decided March 4, 2015.
Rehearing Denied April 24, 2015.

</div>

20

James G. Carpenter and Jennifer J. Miller, both of Carpenter Law Firm, of Greenville, for Appellants.

Beacham O. Brooker, Jr., of Columbia, for Respondents.

SHORT, J.

South Carolina Public Interest Foundation and Edward D. Sloan, Jr., individually, and on behalf of all others similarly situated (collectively, Appellants), filed this declaratory judgment action against South Carolina Department of Transportation (SCDOT), and John V. Walsh, Deputy Secretary of Transportation for Engineering at SCDOT. Appellants appeal, arguing the trial court erred in (1) failing to grant Appellants public importance standing, (2) failing to acknowledge taxpayer standing, (3) failing to apply exceptions to mootness, (4) ruling SCDOT was legitimately assisting a municipality, and (5) failing to find SCDOT used public funds for private purposes. We affirm.

**FACTUAL BACKGROUND**

Woodside Plantation (Woodside) is a gated housing development in the City of Aiken. As of July 2011, Woodside had

approximately four thousand residents and was expected to grow to eight thousand residents. The City of Aiken refused to acquire the roads in Woodside unless the gates were removed.

Throughout 2010 and 2011, Woodside Plantation Property Owners' Association, Inc. and the City of Aiken [1] attempted to enlist SCDOT's assistance in inspecting three wooden bridges located in Woodside. Walsh emailed the Chief Engineer for Operations of SCDOT to discuss the issue, stating, "I need to get some bridges reviewed for safety/loading purposes." On August, 18, 2001, the Chief Engineer requested an inspection of the bridges in Woodside. A three-man SCDOT crew inspected the bridges on August 23, 2011. By affidavit, Walsh testified the estimated cost to SCDOT for the inspection was $1,400. Walsh also testified that in ten years, only one other private bridge had been inspected at the request of a local government-on Fripp Island in 2006. Walsh concluded the bridges were in good condition with minor problems. After the inspection, an employee reported improper use of SCDOT employees to SCDOT's Office of the Chief Internal Auditor (OCIA). OCIA investigated and determined "SCDOT has no obligation to inspect bridges on private property." OCIA notified the Secretary of SCDOT, Robert St. Onge, of its interpretation.

Appellants filed this declaratory judgment action seeking a declaration that SCDOT actions in inspecting the privately owned bridges in Woodside at the request of the City of Aiken violated Article X, sections 5 and 11 of the South Carolina Constitution. Appellants also sought costs and attorneys' fees under section 15–77–300 of the South Carolina Code. After receipt of cross-motions for summary judgment and a hearing, the circuit court granted SCDOT's motion for summary judgment and dismissed the complaint. This appeal followed.

**STANDARD OF REVIEW**

■ This is an action in equity. *See Sloan v. Greenville Cnty.*, 356 S.C. 531, 544, 590 S.E.2d 338, 345–46 (Ct.App.2003) (*Sloan 2003*) (finding a declaratory judgment action brought by a taxpayer citizen requesting declaratory relief is an action

_____

1. A city councilman who lived in Woodside Plantation initiated the inquiries.

in equity). In an appeal from an action in equity tried by a judge, an appellate court may find facts in accordance with its own view of the preponderance of the evidence. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775–76 (1976).

## LAW/ANALYSIS

### I. Public Importance Standing

■ Appellants argue the circuit court erred in failing to grant them standing based on public importance. We disagree.

■ "A plaintiff must have standing to institute an action. To have standing, one must have a personal stake in the subject matter of the lawsuit." *Sloan 2003,* 356 S.C. at 547, 590 S.E.2d at 347 (citation and internal quotation marks omitted). "Standing may be acquired: (1) by statute; (2) through the rubric of 'constitutional standing'; or (3) under the 'public importance' exception." *ATC S., Inc. v. Charleston Cnty.,* 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008). "The key to the public importance analysis is whether a resolution is needed for future guidance. It is this concept of 'future guidance' that gives meaning to an issue which transcends a purely private matter and rises to the level of public importance." *Id.* at 199, 669 S.E.2d at 341. "For a court to relax general standing rules, the matter of importance must, in the context of the case, be inextricably connected to the public need for court resolution for future guidance." *Id.*

In this case, we find Appellants do not have standing based on public importance. SCDOT has conducted its own audit and concluded its own actions were improper. Thus, there is no "future guidance" to be provided by this court.

### II. Taxpayer Standing

■ Appellants next argue the circuit court erred in failing to grant them taxpayer standing. We disagree.

■ "A taxpayer's standing to challenge unauthorized or illegal governmental acts has been repeatedly recognized in South Carolina." *Sloan v. Sch. Dist. of Greenville Cnty.,* 342 S.C. 515, 520, 537 S.E.2d 299, 301 (Ct.App.2000) (*Sloan 2000* ).

"[A] court may confer standing upon a party when an issue is of such public importance as to require its resolution for future guidance." *Baird v. Charleston Cnty.*, 333 S.C. 519, 531, 511 S.E.2d 69, 75 (1999). "The general rule is that a taxpayer may not maintain a suit to enjoin the action of State officers when he has no special interest and his only standing is the exceedingly small interest of a general taxpayer." *Crews v. Beattie*, 197 S.C. 32, 49, 14 S.E.2d 351, 357–58 (1941). "The mere fact that the issue is one of public importance does not confer upon any citizen or taxpayer the right to invoke per se a judicial determination of the issue." *Sloan 2003*, 356 S.C. at 549, 590 S.E.2d at 347 (quoting *Crews*, 197 S.C. at 49, 14 S.E.2d at 357–58). "For a plaintiff to have taxpayer standing, the party must demonstrate some overriding public purpose or concern to confer standing to sue on behalf of her fellow taxpayers." *Id.; see also Baird*, 333 S.C. at 531, 511 S.E.2d at 75 (stating standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance).

For the same reasons we find Appellants do not meet the public importance basis for standing, we find they do not have taxpayer standing. In *Sloan 2000*, 342 S.C. at 522, 537 S.E.2d at 303, this court found a taxpayer had standing to challenge contracts entered into by the school district without following the prescribed competitive sealed bidding procedure. In *Sloan 2003*, 356 S.C. at 551, 590 S.E.2d at 349, this court again found a taxpayer had standing to challenge contracts entered into by the county without following the procurement procedures set out in the county code. The public interest involved was the prevention of the unlawful expenditure of money raised by taxation. *Id.* at 550, 590 S.E.2d at 348.

Unlike the *Sloan 2000* and *Sloan 2003* cases, we find Appellants do not have taxpayer standing here because there is not a public interest involved in preventing the unlawful expenditure of inspecting private bridges when SCDOT has already determined its own policy prohibits the action. *See Sloan v. Greenville Cnty.*, 361 S.C. 568, 571–72, 606 S.E.2d 464, 466 (2004) (*Sloan 2004* ) (finding "no imperative or manifest urgency in obtaining an advisory opinion on the application of an obsolete procurement ordinance" in a challenge to procurement methods when two prior court of appeals opin-

ions provided judicial guidance to Greenville County regarding its written determinations under a procurement ordinance and when the county ordinance had been amended to address the concerns).

### III. Mootness

■ Appellants also maintain the circuit court erred in failing to apply several exceptions to the mootness doctrine. We disagree.

■ Before any action can be maintained, a justiciable controversy must be present. *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430, 468 S.E.2d 861, 864 (1996). "A justiciable controversy is a real and substantial controversy appropriate for judicial determination, as opposed to a dispute or difference of a contingent, hypothetical or abstract character." *Sloan 2003*, 356 S.C. at 546, 590 S.E.2d at 346. The court does not concern itself with moot or speculative questions. *Sloan v. Dep't of Transp.*, 379 S.C. 160, 167, 666 S.E.2d 236, 240 (2008) (*Ladson Road*). "A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." *Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct.App.2009) (*Sloan 2009*). "Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief." *Id.* There are three exceptions to mootness. *Id.* at 535, 670 S.E.2d at 667.

First, if the issue raised is capable of repetition but generally will evade review, the appellate court can take jurisdiction. Second, an appellate court may decide questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest. Application of the public interest exception requires the question at issue to be (1) of public importance, and (2) of imperative and manifest urgency. Third, if a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective relief in the present case. The utilization of an exception under the mootness doctrine is flexible and discre-

tionary pursuant to South Carolina jurisprudence, not a mechanical rule that is automatically invoked.

*Id.*

Relying on *Sloan v. Department of Transportation,* 365 S.C. 299, 618 S.E.2d 876 (2005) (*Ravenel Bridge* ), Appellants argue they meet the first exception to mootness because this matter is capable of repetition, yet evading review. We disagree.

In *Ravenel Bridge,* Sloan alleged SCDOT violated statutory bidding requirements for three construction projects. *Id.* at 302, 618 S.E.2d at 877–78. Our supreme court found the issue was not moot despite completion of the construction projects because the issue was capable of repetition yet usually evading review. *Id.* at 303, 618 S.E.2d at 878. Unlike the issue in *Ravenel Bridge,* we find the issue here is not capable of repetition yet evading review because SCDOT has independently determined its policy does not permit the inspection of private bridges. Accordingly, we find Appellants have failed to meet the first exception of mootness.

Appellants next argue they meet the second exception to mootness because the matter is of great public importance and of manifest urgency. We again find the matter does not support public importance standing and is not of manifest urgency because SCDOT has determined its own policy does not permit the action. *See Sloan 2004,* 361 S.C. at 571–72, 606 S.E.2d at 466 (reinstating the circuit court's dismissal of a challenge to procurement methods as moot based in part on the county's amendment to its ordinance).

Finally, Appellants argue they meet the third exception to mootness because the matter may "affect future events or have collateral consequences." Relying on *Ladson Road,* 379 S.C. 160, 666 S.E.2d 236, Appellants maintain this case will affect SCDOT and other State agencies in deciding questions involving the use of public funds for private purposes. We disagree.

In *Ladson Road,* Sloan filed a declaratory judgment action challenging SCDOT's decision to authorize an emergency procurement on a construction project in Charleston County. *Id.* at 166, 666 S.E.2d at 239. Our supreme court found the issue was not moot because "there [was] no case law specifically

addressing the DOT's authorization of an emergency procurement ... and ... this [was] a matter of public importance which could occur at any time...." *Id.* at 169, 666 S.E.2d at 240. However, in the present case, SCDOT has determined the inspection of private bridges is against its own policy. Thus, we find the matter will neither "affect future events [n]or have collateral consequences."

## IV. Remaining Issues

Finally, Appellants argue the circuit court erred in finding SCDOT was legitimately assisting a municipality and in failing to find SCDOT violated Article X, sections 5 and 11 of the South Carolina Constitution. Based on our resolution of the issues of standing and mootness, we need not reach this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when resolution of another issue disposes of the appeal).

## CONCLUSION

For the foregoing reasons, the order on appeal is **AFFIRMED**.

HUFF and KONDUROS, JJ., concur.