686 S.E.2d 203

**In the Matter of the Care and Treatment of Leo McCLAM, Respondent,**

v.

**The STATE of South Carolina, Appellant,**

and

**The South Carolina Department of Mental Health is the, Intervenor/Appellant.**

No. 4623.

Court of Appeals of South Carolina.

Submitted May 1, 2009.

Decided Oct. 13, 2009.

Withdrawn, Substituted and Refiled Nov. 19, 2009.

50

Deborah R.J. Shupe, Mark W. Binkley, and L. Kimble Carter, all of Columbia, for Appellants.

LaNelle DuRant, of Columbia, for Respondent.

THOMAS, J.

The South Carolina Department of Mental Health (SCDMH) and the State of South Carolina (collectively Appellants) contend the trial court improperly expanded the operation of the Sexually Violent Predator Act (SVP Act) in transferring inmate Leo McClam to a private treatment facility. We dismiss the appeal as moot.[1]

## FACTS AND PROCEDURAL HISTORY

McClam was committed in 2000 to the South Carolina Department of Mental Health Behavioral Disorders Treatment Program (BDTP) after adjudication as a Sexually Violent Predator (SVP) pursuant to the SVP Act, sections 44–48–10 through—170 of the South Carolina Code (2002 & Supp. 2008).

In 2006, Circuit Court Judge Michael G. Nettles held an annual hearing in response to a petition for release filed by McClam. In the petition, McClam sought an order finding probable cause to believe his mental abnormality or personality disorder had so changed that he was safe to be at large and, if released, was not likely to commit acts of sexual violence. McClam attended the hearing with his court-appointed attorney. An assistant attorney general appeared on behalf of the State.

Judge Nettles then issued an order in which he found McClam had not shown probable cause to believe his mental abnormality or personality disorder had so changed that he was safe to be at large and, if released, not likely to commit acts of sexual violence. In the same order, however, Judge Nettles granted McClam's *pro se* Motion for Independent Evaluation. Judge Nettles approved Dr. Thomas V. Martin, of Martin Psychiatric Services in Columbia, to perform the

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

evaluation and ordered, as part of the evaluation, that Dr. Martin conduct a penile plethysmograph (PPG) of McClam without advance notice to McClam of when the test would be administered. According to the order, McClam was to be monitored by a Public Safety Officer of SCDMH at all times until he was delivered to the facility administering the PPG, at which time a staff member of the administering facility would monitor him until the test began. As part of the evaluation, Judge Nettles also directed Dr. Martin to conduct a review to determine if SCDMH had services available that would motivate McClam to complete treatment.

Dr. Martin evaluated McClam and issued a report in which he concluded as follows:

Mr. McClam has been committed to the [SVP Program] for over five years without successful completion of treatment. It is therefore my recommendation that Mr. McClam be transferred to an alternate secure mental health treatment facility that is equipped with trained staff to treat sexually deviant individuals with severe mood and psychotic illnesses. This would better afford Mr. McClam the opportunity to stabilize with medication, develop techniques to complete his basic activities of daily living, and develop more appropriate social and interpersonal skills that would eventually lend towards establishing healthier relationships. I have consulted with health care administrators at Just Care, Inc. of Columbia, SC who are willing to accept Mr. McClam in transfer for completion of his sex offender and psychiatric treatment on an inpatient level.[2]

Several months after Dr. Martin issued his report, Judge Nettles held a hearing to determine whether McClam should be transferred to a different facility for more effective treatment. After this hearing, Judge Nettles ordered "that McClam be transferred to Just Care as recommended by Dr. Martin in order to achieve a psychiatric balance" and that the matter be reviewed in six months. In support of this decision, Judge Nettles observed that the parties were at a stalemate and that McClam was not making any progress in his current treatment program. Neither McClam nor the State took

---

2. Just Care is a private detention healthcare company and is not operated by SCDMH.

formal exception to this order, a copy of which was also sent to SCDMH.

After receiving the order, SCDMH moved to intervene and join as a party in the matter. Simultaneously, SCDMH filed a notice of and motions for relief from and stay of the Judge Nettles' order transferring McClam to Just Care. SCDMH argued (1) it was a necessary party that was not joined in the proceedings; (2) the order affected the rights of two non-parties, SCDMH and Just Care, Inc.; and (3) the order required SCDMH to violate the explicit terms of the SVP Act in that the order allowed treatment of a sexually violent offender at a facility not operated by SCDMH. As to the third argument, SCDMH contended that if it followed the order, it would "abdicate its statutory responsibilities to control, care and treat Leo McClam including deference to the private sector in the exercise of professional judgment regarding treatment."

After a hearing on SCDMH's motions, Judge Nettles granted leave to SCDMH to intervene in the case; however, he allowed his prior order authorizing McClam's transfer to Just Care to stand. Regarding his refusal to change the order, Judge Nettles explained that "[a]lthough he's not in the physical care of [SCDMH], certainly they still are in charge of the care, custody, and control of this individual." Judge Nettles further clarified his order by specifically providing SCDMH could "take whatever factors they find be [sic] appropriate." In a written order issued pursuant to the hearing, Judge Nettles ruled "McClam's placement at the Just Care facility is to be determined by [SCDMH] in collaboration with the staff at Just Care" and the case would be reviewed in six months. After SCDMH and the State received written notice of entry of this order, a timely notice of appeal on behalf of SCDMH and the State was filed.

While the appeal was pending in this Court, Judge Nettles held the six-month review as mandated by his prior order. At the hearing, Judge Nettles received into evidence an affidavit from Peggy C. Wadman, M.D., the Forensic Medical Director of SCDMH, in which Dr. Wadman stated in part that McClam had finished the SVP Treatment Program and was currently being evaluated by his treatment team for possible release.

Dr. Wadman also stated "[i]t has been necessary for the SCDMH staff to provide all psychiatric, sexual disorder and medical treatment to Mr. McClam since his transfer to Just Care."

A few days after the six-month review, the Darlington County Probate Court issued an order first committing McClam "to a state mental health facility for in-patient care and treatment" and then ordering him to "undergo an out-patient treatment program at Florence County (Pee Dee) mental health facility for a period not to exceed 12 months." In his order, the probate court judge noted his decision was made "[a]fter a full hearing on the issues involved" and the reason for the mandatory treatment was that McClam "lack[ed] sufficient insight or capacity to make responsible decisions with respect to his treatment" and it was likely that McClam, because of his condition, would inflict serious harm to himself or others.

After the probate court issued its order, Judge Nettles issued a written order pursuant to the six-month review hearing directed that "in light of his completion of all treatment segments to the Sexually Violent Predator Treatment Program Leo McClam shall be transferred from Just Care back to the Sexually Violent Predator Treatment Unit" within ten days.

Several weeks after Judge Nettles issued his order, a hearing took place before Circuit Court Judge Thomas Russo on a petition by McClam for his release from confinement. Two days after this hearing, Judge Russo authorized McClam's release from confinement and ordered him to comply with the statutory requirements of registration as a SVP. In his order, Judge Russo also noted *inter alia* (1) SCDMH had sought and obtained an order from the probate court committing McClam to inpatient treatment; (2) SCDMH authorized McClam to petition for release and advised the South Carolina Attorney General's Office that McClam was safe to be at large and, if released, would not be likely to commit acts of sexual violence; and (3) although the testimony at the hearing was undisputed that McClam was not safe to be at large, the State could not prove beyond a reasonable doubt

that McClam would be likely to commit acts of sexual violence if he was released.

During the pendency of this appeal in this Court, McClam moved to dismiss the matter as moot. Although this Court denied the motion, the parties were permitted to address this issue in their briefs.

## LAW/ANALYSIS

We agree with McClam this appeal should be dismissed as moot and therefore decline to address the merits of the issues presented.[3]

■ "[M]oot appeals result when intervening events render a case nonjusticiable." *Sloan v. Greenville County*, 356 S.C. 531, 552, 590 S.E.2d 338, 349 (Ct.App.2003). "A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief." *Id.* (brackets in original).

■ In the civil context, there are three general exceptions under which an appellate court can issue a ruling on an appeal on an otherwise moot controversy: (1) if the issue raised is "capable of repetition but evading review"; (2) if the question is one of "imperative and manifest urgency to necessitate establishing a rule for future conduct in matters of important public interest"; and (3) if the trial court's decision "may affect future events, or have collateral consequences for the parties." *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001).

■ According to the facts presented in this appeal, McClam has successfully completed the SVP Program and has been released from confinement with the consent of SCDMH. Although the State opposed McClam's petition for release, the record before us does not indicate it appealed the order ending his confinement. Any decision by this Court concerning the validity of the order transferring him to Just Care

---

3. Appellants contend McClam's transfer to a private treatment facility was neither authorized by the SVP Act nor required by due process.

would have no practical effect on his placement because he is no longer "committed to the custody of the Department of Mental Health for control, care, and treatment ... at a facility operated by the Department of Mental Health." S.C.Code Ann. § 44–48–100 (2002 & Supp.2008). The rationale for Appellants' argument that McClam's transfer to Just Care was improper, namely the need to segregate SVPs from other persons under the supervision of SCDMH, is no longer a concern here.

As to the exceptions under which this Court can take jurisdiction of an otherwise moot dispute, we agree with McClam that none of these apply here. First, the record contains no indication the issue presented in this appeal "can be repeatedly presented to the trial court yet escape review at the appellate level because of its fleeting and determinate nature." *Citizen Awareness Regarding Educ. v. Calhoun County Publ'g, Inc.*, 185 W.Va. 168, 406 S.E.2d 65, 67 (1991) (*cited in Curtis*, 345 S.C. at 568, 549 S.E.2d at 596). The legislative findings behind the SVP Act emphasize the need for "*long-term* control, care, and treatment of sexually violent predators." S.C.Code Ann. § 44–48–20 (2002 & Supp.2008) (emphasis added). We recognize the possibility exists that an appeal involving the placement of an inmate in the SVP Program will not be adjudicated before the inmate's discharge from the program. Nevertheless, no evidence was presented here that McClam's release, which was obtained with the authorization of SCDMH during the pendency of this appeal, is a common occurrence that would typically prevent an appellate court from ruling on the propriety of an order authorizing the transfer of an inmate in the SVP Program to a different facility. To the contrary, this is apparently the first time an appellate court has been called upon to decide the issue presented in this appeal, notwithstanding the fact that, according to an affidavit from the Director of the Forensic Evaluation and Treatment Service of SCDMH, 1,029 offenders have been referred for commitment to the SVP Program since the passage of the SVP Act in 1998.

Second, the question presented here is not one of imperative and manifest urgency that requires establishing a rule for future conduct in matters of important public interest. The South Carolina General Assembly has already established

such a rule. *See* S.C.Code Ann. § 44–48–100(A) (2002 & Supp.2008) ("At all times, a person committed for control, care, and treatment by the Department of Mental Health pursuant to this chapter [i.e. the SVP Act] must be kept in a secure facility, and the person must be segregated at all times from other patients under the supervision of the Department of Mental Health.").

Finally, we hold there was no showing that the decision to transfer McClam to Just Care could affect future events or have collateral consequences for the parties. As noted earlier, we are not aware of any similar controversies that have been presented to either this Court or the South Carolina Supreme Court. Furthermore, as noted in Judge Nettles' order authorizing McClam's transfer to Just Care, the reasons prompting McClam's desire for a transfer from BDTP to another facility were predominantly interpersonal, reflecting "the ineffective therapeutic alliance established between him and the treatment staff." As noted by McClam in his respondent's brief and not disputed by Appellants in their reply brief, numerous personnel changes have taken place among the SVP Program staff such that, if McClam should again be committed to the Program, it is not likely he will have the same treatment team that he had during his earlier commitment.

## CONCLUSION

The order authorizing McClam's transfer to Just Care during his treatment would no longer affect his placement in the SVP Program because McClam has completed the Program and been released from confinement. This appeal is therefore moot, and, as we have noted, none of the exceptions under which we can take jurisdiction of such a dispute are applicable.

**APPEAL DISMISSED.**

HEARN, C.J., and KONDUROS, J., concur.