**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jeremiah DiCapua, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2014-001097

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2015-UP-244
Submitted April 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Jeremiah DiCapua, pro se.

Assistant General Counsel Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Dicapua v. State*, Op. No. 2014-UP-432 (S.C. Ct. App. filed Nov. 26, 2014) (reversing a circuit court order granting DiCapua post-conviction relief for

convictions of distribution of crack cocaine and possession with intent to distribute crack cocaine); *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, [a court] only considers cases presenting a justiciable controversy."); *id.* ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract."); *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy."); *McClam v. State*, 386 S.C. 49, 55, 686 S.E.2d 203, 206 (Ct. App. 2009) ("[M]oot appeals result when intervening events render a case nonjusticiable." (alteration by court) (internal quotation marks omitted)).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.