**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Interest of Channon P., a Juvenile under the age of Seventeen, Appellant.

Appellate Case No. 2017-001942

---

Appeal From Beaufort County
Nancy C. McLin, Family Court Judge

---

Unpublished Opinion No. 2021-UP-163
Heard February 2, 2021 – Filed May 12, 2021
Withdrawn, Substituted and Refiled October 13, 2021

---

**DISMISSED**

---

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, and Solicitor Isaac McDuffie Stone, III, of Bluffton; all for Respondent.

---

**PER CURIAM:** Channon P. was charged with possession of a firearm on school property and unlawful carrying of a firearm. The State filed a juvenile petition in family court; following a hearing, the family court ordered that Channon be detained at the Department of Juvenile Justice (DJJ) pending an adjudication hearing. The family court further ordered DJJ to refer the case to the Department

of Social Services (DSS) for an investigation of educational neglect. At the subsequent adjudication hearing, Channon entered a negotiated plea on the charge of unlawful carrying of a handgun. The State dismissed the charge for possession of a firearm on school property, pending Channon's completion of a community evaluation and his placement on house arrest during the disposition of his case.

The family court ordered an evaluation, suspended Channon's commitment, and placed him on house arrest pending the completion of his evaluation and disposition hearing. At the disposition hearing, the State recommended Channon be placed on indefinite probation until his eighteenth birthday—eight months after the hearing. DJJ recommended indefinite probation in its predisposition report, and an evaluator found Channon appeared to be "at low-risk for reoffending," recommending he be placed on probation with community service and educational requirements.

However, the family court expressed its concern that after Channon withdrew from school, he had only completed fifteen minutes of online school. The court noted its review of Channon's psychological evaluation, school records, and other information—including Channon's prior diverted case. The family court stated,

> I find it disturbing that he was found on school property with a loaded weapon at a school where he was not supposed to be and considering the totality of the record before me including the evaluation, I find it appropriate that he be committed to [DJJ] for an indeterminate period not to exceed his twenty-first birthday.

Channon argues the family court erred in committing him to DJJ for an indeterminate term without considering on the record all alternatives less restrictive than indeterminate commitment to DJJ.[1]

---

[1] In making this argument, Channon relies upon the policy statement of the South Carolina Children's Code, which provides, in pertinent part, "For children in need of services, care and guidance the State shall secure those services as are needed to serve the emotional, mental and physical welfare of children and the best interests of the community, preferably in their homes or the least restrictive environment possible." S.C. Code Ann. § 63-1-20(D) (2010).

Channon turned twenty-one in 2020, and the State informed this court at oral argument that he had been released from DJJ custody prior to his twenty-first birthday.  Because Channon is no longer confined to DJJ, we dismiss this appeal as moot pursuant to Rule 220(b), SCACR, and the following authorities: *Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (explaining that because the petitioner was no longer incarcerated, the question of whether he was being unlawfully held in custody was moot); *Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists.  A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." (citation omitted)); *McClam v. State*, 386 S.C. 49, 55–56, 686 S.E.2d 203, 206 (Ct. App. 2009) (dismissing appeal as moot when the State appealed an order transferring an individual to a private care facility because the individual had completed the sexually violent predator program and been released from confinement).

**DISMISSED.**

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**