670 S.E.2d 663

**Edward D. SLOAN, Jr., individually, and on behalf of all others similarly situated, Respondent,**

v.

**GREENVILLE COUNTY, a Political Subdivision of South Carolina, Phyllis Henderson, Scott Case, Eric Bedingfield, Dozier Brooks, Joseph Dill, Cort Flint, Lottie Gibson, Judy Gilstrap, Mark Kingsbury, Xanthene Norris, Stephen Selby, and Robert Taylor, Appellants.**

No. 4449.

Court of Appeals of South Carolina.

Heard Sept. 17, 2008.

Decided Oct. 22, 2008.

Withdrawn, Substituted and Refiled Jan. 7, 2009.

Rehearing Denied Jan. 7, 2009.

---

See also 361 S.C. 568, 606 S.E.2d 464.

Boyd B. Nicholson, Jr. and Joel M. Bondurant, both of Greenville, for Appellants.

James G. Carpenter, of Greenville, for Respondent.

PIEPER, J.:

Greenville County appeals the trial court's order striking down a portion of the previous county procurement code for being inconsistent with Section 11–35–50 of the South Carolina Code (2007). We vacate the trial court's order and dismiss this case as moot.

## FACTS

The relevant facts of this case are largely undisputed. The trial court consolidated four cases by Edward A. Sloan (Sloan) challenging procurements made by Greenville County (County) between August 2002 and March 2004, which utilized the competitive sealed proposal (Proposal) procurement method rather than the competitive sealed bidding (Bidding) method. The gravamen of Sloan's action was to declare sections of the former Greenville County Procurement Code (GCPC) unlawful for allowing the determination to use Proposals as an alternative to the preferred procurement method of Bidding without

memorializing or justifying the decision in writing, regardless of whether the GCPC includes such a writing requirement.

The previous GCPC provided in part as follows:

§ 7–304 Methods of Source Selection.

Unless otherwise required by law, all County contracts shall be awarded by competitive sealed bidding, pursuant to § 7–305 (Competitive Sealed Bidding), except as provided herein:

. . . .

(2) Section 7–307 (Competitive Sealed Proposals).

. . . .

§ 7–305 Competitive Sealed Bidding.

(1) *Conditions for Use.* Contracts amounting to $25,000 or more shall be awarded by competitive bidding except as otherwise provided in § 7–304 (Methods of Source Selection).

. . . .

§ 7–307 Competitive Sealed Proposals.

(1) *Conditions for use.* When the Purchasing Manager determines that the use of competitive sealed bidding is either not practicable or not advantageous to the County, a contract may be entered into by use of the competitive sealed proposals method.

Unlike the South Carolina Procurement Code or the South Carolina Local Model Procurement Code, the GCPC did not require the procurement officer's determination to use Proposals rather than Bidding to be in writing.

Section 11–35–50 of the South Carolina Code (2007) states in part as follows:

Political subdivisions required to develop and adopt procurement laws.

All political subdivisions of the State shall adopt ordinances or procedures embodying sound principles of appropriately competitive procurement no later than July 1, 1983. The Budget and Control Board, in cooperation with the Procurement Policy Committee and subdivisions concerned, shall create a task force to draft model ordinances, regula-

tions, and manuals for consideration by the political subdivisions. . . .

S.C.Code Ann. § 11–35–50 (2007).

On November 18, 2004, the parties stipulated to consolidation of all four claims to be decided on the following two issues:

(1) Whether the County's Procurement Code requires a written determination in order for the County to use the [Proposal] procurement method, and by extension, whether the lack of a written determination for these projects in which the County used the [Proposal] method violated the County's procurement Code; and

(2) If the County's Procurement Code does not require a written determination in order to use the [Proposal] procurement method, does it violate State law, and in particular, South Carolina Code Ann. § 11–35–50?

After the trial court hearing on December 3, 2004, but before the order was issued on January 8, 2007, the County amended the GCPC on October 17, 2006. The new GCPC section titled "Methods of Source Selection" now reads in part as follows:

Unless otherwise required by law, all County contracts amounting to $25,000 or more shall be awarded by competitive sealed bidding, pursuant to § 3–202 (Competitive Sealed Bidding), or by competitive sealed proposals, pursuant to § 3–204 (Competitive Sealed Proposals), whichever is determined to be more advantageous to the County. . . .

As such, the amended GCPC differs from the previous version because, among other things, it now has two equally preferred methods of procurement for source selection, Bidding and Proposals.

On January 8, 2007, the trial court found that the claims were moot on the basis that all of the contracts involved were either completed or cancelled; however, citing the public interest exception to the mootness doctrine, the trial court proceeded to rule on whether the former GCPC embodied sound principles of appropriately competitive procurement by not requiring a determination to be in writing before using the Proposal method rather than the preferred method of Bidding. The court concluded that the former version of the GCPC did

not "embody sound principles of appropriately competitive" procurement because it failed to require a determination in writing before the use of Proposals rather than the preferred method of Bidding. This appeal followed.

## ISSUES ON APPEAL

I. Did the Greenville County Procurement Code violate § 11–35–50 when the GCPC's sealed proposal method of procurement set forth a procedure that even the plaintiff acknowledged was appropriately competitive, but did not require a written determination to document why this method was chosen?

II. Whether the trial court was correct to decide the issue above "for future guidance" under the public importance exception to mootness, when the preference for sealed bids that necessarily forms the basis of the written determination requirement no longer exists?

## STANDARD OF REVIEW

"A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Doe v. South Carolina Med. Malpractice Liab. Joint Underwriting Ass'n*, 347 S.C. 642, 645, 557 S.E.2d 670, 672 (2001) (internal citation omitted). To make this determination, an appellate court must look to the essential character of the cause of action. *Barnacle Broad., Inc. v. Baker Broad., Inc.*, 343 S.C. 140, 146, 538 S.E.2d 672, 675 (Ct.App.2000). The character of the action is generally ascertained from the body of the complaint, but when necessary, resort may also be had to the prayer for relief and any other facts and circumstances which throw light upon the main purpose of the action. *Lowcountry Open Land Trust v. Charleston S. Univ.*, 376 S.C. 399, 406, 656 S.E.2d 775, 779 (Ct.App.2008). The issue of statutory interpretation is a question of law for the court. *Catawba Indian Tribe of South Carolina v. State*, 372 S.C. 519, 524, 642 S.E.2d 751, 753 (2007). We are free to decide questions of law with no deference to the trial court. *Id.*

## DISCUSSION

We first address the issue of mootness since this issue necessarily affects our disposition of this case.

 The court does not concern itself with moot or speculative questions. *Sloan v. South Carolina Dep't of Transp.*, 379 S.C. 160, 167–68, 666 S.E.2d 236, 239–40 (2008). An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists. *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001). A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy. *Id.* Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief. *Id.*

 However, there are three exceptions to the mootness doctrine. *Id.* at 568, 549 S.E.2d at 596. First, if the issue raised is capable of repetition but generally will evade review, the appellate court can take jurisdiction. *Id.*; *see also Sloan v. South Carolina Dep't of Transp.*, 365 S.C. 299, 303, 618 S.E.2d 876, 878 (2005); *Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996). "Second, an appellate court *may* decide questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest." *Curtis*, 345 S.C. at 568, 549 S.E.2d at 596 (emphasis added). Application of the public interest exception requires the question at issue to be (1) of "public importance," *and* (2) of "imperative and manifest urgency." *See Sloan v. Greenville County*, 361 S.C. 568, 570–71, 606 S.E.2d 464, 465–66 (2004). Third, "if a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective relief in the present case." *Curtis*, 345 S.C. at 568, 549 S.E.2d at 596; *accord Sloan*, 365 S.C. at 303, 618 S.E.2d at 878. The utilization of an exception under the mootness doctrine is flexible and discretionary pursuant to South Carolina jurisprudence, not a mechanical rule that is automatically invoked.[1] *Compare, e.g., Sloan v. Greenville County*, 356 S.C. 531, 553–55, 590 S.E.2d 338, 350–51, *with Sloan*, 361 S.C. at 571–72, 606 S.E.2d at 468; *cf.* 1A C.J.S. *Actions* § 78 (2008).

---

1. Sloan conceded at oral argument that application of an exception to the mootness doctrine is discretionary rather than mandatory by an appellate court.

■■■ Neither party has challenged the court's preliminary conclusion that these cases are moot since the contracts were already completed or cancelled.[2] Therefore that conclusion, right or wrong, is the law of the case. *See Sloan,* 365 S.C. at 307, 618 S.E.2d at 880 ("[A]n unappealed ruling becomes the law of the case, and the appellate court must assume the ruling was correct.") (quoting *Town of Mt. Pleasant v. Jones,* 335 S.C. 295, 298–99, 516 S.E.2d 468, 470 (Ct.App.1999)). Thus, the next question before us is whether this case is suitable for discretionary review of the issue presented under the public interest exception to the mootness doctrine.[3]

■■■ County contends that since the GCPC no longer contains the preference for sealed bids that necessarily formed the basis of the trial court's order, the trial court erred in determining that the case should be decided under the public interest exception to mootness. We agree.

The trial court found the case moot for the initial reason that the contracts at issue had already been performed or cancelled; it then found the public interest exception applied to that point of mootness. However, the court did not fully address the public interest exception of the mootness doctrine to the suit after the change in the GCPC was brought to its attention; specifically, the trial court failed to address whether the suit remained one of "imperative and manifest urgency" after passage of the amended ordinance. *See Sloan v. Friends of the Hunley, Inc.,* 369 S.C. 20, 27, 630 S.E.2d 474, 478 (2006) ("[T]he issue must present a question of imperative and manifest urgency requiring the establishment of a rule for future guidance in 'matters of important public interest.' This evaluation must be made based on the facts of each individual situation.") (internal citation omitted). Here, after opining in a footnote that its analysis of the "public importance" exception would not change due to passage of the amended ordinance, the trial court "[found] it necessary to go ahead and rule on the issue of whether such a determination must be in writing under the *former* version of the code." (emphasis

2. Both parties agree in their briefs that the four cases at issue were moot at the time of the final hearing.

3. The public interest exception was the only exception asserted to the trial court.

added). Therefore, the second prong of the public interest exception was never satisfied; the trial court failed to consider the impact of the amended ordinance on the suit through the lens of "imperative and manifest urgency," and erred in utilizing that exception to review the issue presented under the previous ordinance.[4]

Sloan also argues there is an imperative and manifest urgency compelling this court to find § 11–35–50 requires a written determination whenever a political subdivision selects the Proposal method over Bidding, regardless of whether the political subdivision designates the two methods as equally preferable, in order for the procurement to be "appropriately competitive." As previously indicated, although the trial court briefly acknowledged this supplementary argument in a footnote of its opinion, it specifically refused to rule upon the issue in regard to the amended version of the GCPC. We find the record before us insufficiently developed to exercise our discretion under a mootness exception to address Sloan's ancillary argument regarding co-preferred methods of procurement. Moreover, we take judicial notice of our own docket and note that this very issue is currently on appeal in *Sloan v. Greenville Hospital System, et al.,* Case Nos. 03–CP–23–3785, 04–CP–23–5223, and 05–CP–23–0586 (appeal filed June 12, 2008). Sloan acknowledges this fact in his appellate brief. In that case, one of the main issues litigated and *ruled* upon was whether a written determination is required to select Proposals over Bidding when both are co-preferred procurement methods; as such, that case, as opposed to this case, is

---

4. Additionally, we note this court has provided some judicial guidance as to the meaning of § 11–35–50 in *Glasscock Co. v. Sumter County,* 361 S.C. 483, 604 S.E.2d 718 (Ct.App.2004). *Id.* at 490, 604 S.E.2d at 721 (stating § 11–35–50 does not mandate or require local governments to adopt specific methods of procurement or the process by which to apply them, and that it "clearly was intended to afford local governments needed flexibility to determine what is 'appropriately competitive' in light of the public business they must transact."); *see also Sloan,* 361 S.C. at 571–72, 606 S.E.2d at 466 (holding there is no imperative or manifest urgency in obtaining an advisory opinion on the application of an obsolete procurement ordinance to completed projects when the ordinance was subsequently altered addressing the existing controversy, and when judicial guidance on the matter already exists). Because this finding is not dispositive of our decision herein, we need not reach this issue.

538

arguably more suitable for review and adjudication of the issue.

## CONCLUSION

Due to the significant change in the ordinance, we find it unnecessary to decide the issue presented to the trial court of whether the County's former procurement code was valid; passing judgment upon this matter would only result in an advisory opinion on the application of an obsolete procurement ordinance to completed or cancelled contracts. We also decline to address Sloan's alternate argument under the amended ordinance since the trial court never addressed the effect of the amended ordinance.

Accordingly, the trial court's order is vacated and the case is dismissed as moot.

**VACATED AND DISMISSED.**

SHORT and THOMAS, JJ., concur.