THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Reverend
 Franklin C. Reaves, Appellant,
 
 
 

v.

 
 
 
 Brenda Ivey,
 City Treasurer of Mullins, J.C. Richardson, Tax Collector of the City of
 Mullins, Robert H. Corley, City Attorney of Mullins, J. Wayne George, Mayor
 of City of Mullins, George H. Hardwick, Director of Finance of City of
 Mullins, Joyce W. Lett, Marion County Treasurer, John A. Padgett, Marion
 County Auditor, Respondents.
 
 
 

Appeal From Marion County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2011-UP-527
 Submitted November 1, 2011  Filed
December 2, 2011    

APPEAL DISMISSED

 
 
 
 Rev. Franklin C. Reaves, pro se, of
 Chadbourn, North Carolina.
 Douglas C. Baxter and Mason A. Summers, both
 of Myrtle Beach; and Robert T. King, of Florence, for Respondents.
 
 
 

PER CURIAM: Franklin C. Reaves appeals the denial of
 his motion to reconsider the circuit court's grant of summary judgment to Respondents.  Reaves argues the circuit court erred
 in granting summary judgment based on a violation of the statute of limitations
 applicable to the recovery of land sold at tax sales when he did not receive
 the statutory notice of delinquent taxes and, in the alternative, paid the
 taxes for the period during which the property was sold.[1]  We dismiss the appeal as
 moot. [2]
Reaves's issues
 on appeal stem from his claim that Respondents failed to give him notice of the
 delinquent property taxes as required in section 12-51-40 of the South Carolina
 Code (Supp. 1997).  Assuming without deciding that Reaves's claim of lack of
 notice is supported by evidence and would entitle him to relief, the remedy
 would consist of setting aside the tax sale of the property at issue.  See Hawkins v. Bruno Yacht
 Sales, Inc., 342 S.C. 352, 364-65,
 536 S.E.2d 698, 704 (Ct. App. 2000) ("[A]ll
 conditions governing tax sales are mandatory and strictly enforced. . . . [and
 an appellate court] will set aside tax sales where the requisite statutory
 conditions of [section] 12-51-40 have not been complied with by public
 officials.").  However, subsequent to the tax deed being issued, the
 purchaser at the tax sale reconveyed the property to Reaves.  Therefore, setting aside the tax sale and consequently cancelling
 the deed from the property record would have no practical legal effect, and
 this appeal is moot.  See Sloan v.
 Greenville Cnty., 380 S.C. 528, 535, 670
 S.E.2d 663, 667 (Ct. App. 2009) ("An
 appellate court will not pass judgment on moot and academic questions; it will
 not adjudicate a matter when no actual controversy capable of specific relief
 exists.  A case becomes moot when judgment, if rendered, will have no practical
 legal effect upon the existing controversy.").  
APPEAL
 DISMISSED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1]The
 circuit court's order separately granted Respondents' motion for summary
 judgment as to Reaves's claim for damages resulting from Respondents' failure
 to give him notice on the basis of the statute of limitations from the South
 Carolina Tort Claims Act.  Reaves did not appeal that portion of the circuit
 court's order.  
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.