**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Julian Ford, Jr., Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2012-212645

-----

Appeal From the Administrative Law Court
John D. McLeod, Administrative Law Judge

-----

Unpublished Opinion No. 2013-UP-218
Submitted April 1, 2013 – Filed May 22, 2013

-----

**AFFIRMED**

-----

Julian Ford, Jr., pro se.

Christopher D. Florian, of the South Carolina Department of Corrections, of Columbia, for Respondent.

-----

**PER CURIAM:** Julian Ford, Jr. appeals the order of the Administrative Law Court (ALC), which affirmed the South Carolina Department of Corrections' (the Department's) decision finding Ford is not entitled to sentence-related credits. On appeal, Ford argues the ALC erred in finding substantial evidence supports the Department's denial of work, educational, and good-time credits. We affirm.

1.  We find the ALC did not err in finding Ford is not entitled to work and educational credits.  This court affirms the decision of the ALC if it is supported by substantial evidence.  *See* S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2012).  "Substantial evidence is relevant evidence that, considering the record as a whole, a reasonable mind would accept to support an administrative agency's action."  *Al-Shabazz v. State*, 338 S.C. 354, 380, 527 S.E.2d 742, 756 (2000).  Here, substantial evidence supports the ALC's denial of work credits.  Specifically, Ford is not entitled to work credits because the Department's records show, and Ford concedes in his brief, that he was not enrolled in a job assignment during the period in question.  *See* S.C. Code Ann. § 24-13-230(A) (Supp. 2012) (stating an inmate may earn work credits if he is "assigned to a productive duty assignment").  Additionally, the ALC did not err in finding Ford is not entitled to educational credits.[1]  Under section 24-13-230(F)(2) of the South Carolina Code (Supp. 2012), educational credit "is not available to any individual convicted of a violent crime as defined in [s]ection 16-1-60 [of the South Carolina Code (2003 & Supp. 2012)]."  Ford was convicted of first-degree criminal sexual conduct, which is defined as a violent crime under section 16-1-60.  Therefore, he is not entitled to educational credits during his incarceration.  Finally, we find Ford is not entitled to work credits in lieu of educational credits by virtue of the Department's policy OP-21.07:2.2[2] because this interpretation would violate section 24-13-230(F)(2).  *See S.C. Dep't of Revenue v. Blue Moon of Newberry, Inc.*, 397 S.C. 256, 261, 725 S.E.2d 480, 483 (2012) ("[I]f applying the regulation's plain language would lead to an absurd result, we will interpret the regulation in a manner which avoids the absurdity.").  Furthermore, section 24-13-230 makes it clear that work credits and educational credits are distinct and not interchangeable.  *See* S.C. Code Ann. § 24-13-230(A) (stating "[a] maximum annual credit for both work credit and education credit is limited to one hundred eighty days . . . ."); S.C. Code Ann. § 24-13-230(F)(1) (Supp. 2012) (stating an individual is only eligible for

---

[1] The Department asserts the issue of educational credits is moot because Ford received educational credits for the period in question.  Because the record does not show Ford received educational credits for the entire period in dispute, this issue is not moot.  *See Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy.").

[2] *See* SCDC Policy OP-21.07:2.2, Earned Work Credits ("Earned Work Credits will be used to compensate inmates for labor performed or for their enrollment and active participation in academic or vocational programs according to the inmate's custody designation.").

educational credits upon successful participation in an academic, technical, or vocational training program); §24-13-230(F)(2) ("The educational credit provided for in this section, is not available to any individual convicted of a violent crime . . . ."). Accordingly, we find the ALC did not err in finding Ford is not entitled to educational or work credits.

2. We find the issue of good-time credits is not preserved for appellate review because the ALC did not rule on this issue. *See Al-Shabazz*, 338 S.C. at 379, 527 S.E.2d at 755 (finding issues not raised to and ruled upon by the ALC are not preserved for review).

**AFFIRMED.**[3]

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.