**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shaw Funding, LLC, Build A House, LLC d/b/a Multifamily Products, Builders Design House, LLC, Builders First Mortgage, LLC, Builders First Funding, LLC, Investor Funding, LLC, Total Stone, LLC, American Lighting Co., Contract Supply, LLC, Global Solution, and MS Mechanical Solutions, LLC, Respondents,

v.

Multifamily Products, LLC, and Paul Taylor, as a member of Build a House, LLC and individually, Appellants.

Appellate Case No. 2012-213272

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2014-UP-293
Submitted May 1, 2014 – Filed July 16, 2014

**REVERSED**

Randall Scott Hiller, of Greenville, for Appellants.

D. Randle Moody, II and Joseph Owen Smith, both of Roe Cassidy Coates & Price, P.A., of Greenville, for Respondents.

_____

**PER CURIAM:**  Multifamily Products, LLC appeals the trial court's orders granting Shaw Funding, LLC's motions for a temporary restraining order (TRO) and to appoint a receiver.  Multifamily argues the trial court erred in issuing the orders because (1) the TRO violates Rule 65(b) & (e), SCRCP, and (2) Multifamily did not receive notice of Shaw's application for the appointment as required by section 15-65-20 of the South Carolina Code (2005).

1.  We find Multifamily's appeal of the TRO is moot because the order has expired. *See Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists.").

2.  We find Multifamily did not receive notice of Shaw's application to appoint a receiver, and accordingly, the trial court erred in granting the motion.  *See* S.C. Code Ann. § 15-65-20 (2005) ("No receiver . . . shall be appointed . . . without notice of the application for such appointment . . . to any party to the action in possession of such property claiming an interest therein . . . . At least four days' notice of the application must be given, unless the court shall, upon it being made to appear that delay would work injustice, prescribe a shorter time.").[1]

**REVERSED.**[2]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

_____

[1] We find this issue is not moot, as Shaw argues, because Multifamily may be entitled to costs and damages resulting from the improper appointment.  *See* S.C. Code Ann. § 15-65-90 (2005).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.