**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Corey Jamal Williams, Respondent.

Appellate Case No. 2014-001886

---

Appeal From York County
Brian M. Gibbons, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-448
Heard September 8, 2016 – Filed November 2, 2016

---

**REVERSED**

---

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General John Benjamin Aplin, and Assistant Attorney General Jennifer Ellis Roberts, all of Columbia, and Solicitor Kevin Scott Brackett, of York, for Appellant.

Appellate Defender David Alexander, of Columbia, for Respondent.

---

**PER CURIAM:**  The State argues the plea court erred in interpreting section 24-13-1530 of the South Carolina Code (2007) (the home detention statute) to allow a sentence of house arrest for a violent crime—trafficking in marijuana, ten to one hundred pounds, first offense—when the plain language of the statute unambiguously states it only applies to "low risk, nonviolent adult and juvenile offenders."  We reverse and remand for resentencing.

The State concedes that its argument regarding section 44-53-370(e)(1)(a)(1) was not raised before the plea court and, thus, is not preserved for our review.  *See State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App. 2005) ("The general rule of issue preservation states that if an issue was not raised and ruled upon below, it will not be considered for the first time on appeal.").  However, we find the State's objection to the applicability of the home detention statute to Williams' conviction for trafficking in marijuana was sufficiently specific to preserve the issue of sentencing for this court's review.

Moreover, we find the appeal is not moot.  *See Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."); *id.* ("Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief."); *id.* (providing the following three exceptions to the mootness doctrine: (1) the issue raised is capable of repetition but generally will evade review, (2) if the issue before the appellate court is a question "of imperative and manifest urgency," an appellate court may consider the question in order "to establish a rule for future conduct in matters of important public interest," and (3) if a decision by the trial court may affect future events, or may have collateral consequences for the parties, the appeal is not moot, despite the appellate court's inability to give effective relief in the present case); *id.* (holding South Carolina jurisprudence affords appellate courts flexibility and discretion in determining whether to utilize an exception to the mootness doctrine).  Williams has not in fact completed his sentence of imprisonment as home detention does not constitute imprisonment.  *Cf.* S.C. Code Ann. § 24-13-40 (Supp. 2015) (requiring sentencing credit for "time served prior to trial and sentencing" but allowing the sentencing court discretion to grant or deny sentencing credit for "time spent under monitored house arrest"); *id.* ("In every case in computing the time served by a prisoner, full credit against the sentence *must* be given for time served prior to trial and sentencing, and *may* be given for any time spent under monitored house arrest." (emphases added)).

As to the merits, we find the plea court abused its discretion when it sentenced Williams to one of year house arrest because the home detention statute does not apply to trafficking in marijuana, ten to one hundred pounds, first offense. *See* S.C. Code Ann. § 24-13-1530(A) (2007) ("Notwithstanding another provision of law which requires mandatory incarceration, electronic and nonelectronic home detention programs may be used as an alternative to incarceration *for low risk, nonviolent adult and juvenile offenders* as selected by the court if there is a home detention program available in the jurisdiction." (emphasis added)); S.C. Code Ann. § 16-1-60 (Supp. 2015) (including "drug trafficking as defined in Section 44-53-370(e)" as a violent crime); S.C. Code Ann. § 44-53-370(e)(1)(a)(1) (Supp. 2015) (providing the crime for which Williams was convicted—trafficking in marijuana, ten to one hundred pounds—"must be punished," for a first offense, to "a term of imprisonment of not less than one year nor more than ten years, no part of which may be suspended nor probation granted, and a fine of ten thousand dollars").

**REVERSED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**