**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antwan Adams, Appellant.

Appellate Case No. 2016-000836

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-433
Submitted September 1, 2017 – Filed November 22, 2017

———————

**APPEAL DISMISSED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Thomas Wells Nicholson, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Because Appellant has completed his sentence, we dismiss this appeal as moot. *See Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy

capable of specific relief exists.  A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy. Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief." (citations omitted)); *id.* ("The utilization of an exception under the mootness doctrine is flexible and discretionary pursuant to South Carolina jurisprudence, not a mechanical rule that is automatically invoked.").

**APPEAL DISMISSED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.