**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Monroe Construction Company, LLC, Appellant,

v.

University of South Carolina, Respondent.

Appellate Case No. 2016-000715

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-292
Submitted May 1, 2018 – Filed June 27, 2018

———————

**DISMISSED**

———————

Donald Ryan McCabe, Jr., of McCabe, Trotter & Beverly, P.C., of Columbia, for Appellant.

George William Lampl, III, of the University of South Carolina, of Columbia, for Respondent.

William Dixon Robertson, III, of the State Fiscal Accountability Authority, of Columbia, for the Chief Procurement Officer.

Christian M. Emanuel, of the South Carolina Procurement Review Panel, for the South Carolina Procurement Review Panel.

_____

**PER CURIAM:**  Appellant Monroe Construction Company, LLC filed this appeal of the circuit court's order affirming a decision by the South Carolina Procurement Review Panel (the Panel).  Initially, Appellant claims this Court should entertain this action because, although moot, it is capable of repetition but evading review.  On the merits, Appellant argues the circuit court erred by finding it failed to raise two issues in its initial protest letter and by affirming the Panel's decision to quash a subpoena.  Appellant also claims the Panel applied the wrong standard of review when deciding whether Respondent University of South Carolina complied with various statutes.  We dismiss this appeal as moot.

Appellant concedes this appeal is moot because another bidder has completed the construction project.  However, Appellant argues this Court should review its arguments because the circumstances in this case are capable of repetition but evading review.  We decline to exercise this Court's discretion to invoke this exception because Appellant's arguments are either procedural, rather than substantive, issues or fail to properly present an issue appropriate for this Court to review.  *See Sloan v. Dep't of Transp.*, 379 S.C. 160, 167, 666 S.E.2d 236, 240 (2008) (noting our courts generally do not review "moot and academic questions or make an adjudication where there remains no actual controversy"); *id*. at 168, 666 S.E.2d at 240 (explaining an exception to the mootness doctrine exists when "the issue raised is capable of repetition but generally will evade review"); *Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("The utilization of an exception under the mootness doctrine is flexible and discretionary pursuant to South Carolina jurisprudence, not a mechanical rule that is automatically invoked.").

In its first and second arguments, Appellant claims the Panel erred by finding it failed to properly raise two issues in its initial protest letter.  These two arguments are akin to preservation issues that are specific to this case.  In Appellant's third argument, it claims the Panel erred by quashing the subpoena to Hill Plumbing and Electric Company Inc. (Hill Plumbing).  These three issues are procedural and specific to the circumstances in this case.  Resolving two preservation issues and a motion to quash a subpoena would provide little guidance in future cases.  Furthermore, if we agreed with Appellant on these issues, we would remand to allow the Panel to rule on the merits of the issues.

To the extent Appellant requests this Court reverse and consider the merits of the underlying issues, rather than remanding to allow the Panel to rule on them, we do not believe the record is adequately developed to decide the underlying issues. We disagree with Appellant's contention we could rule in its favor on the preservation and subpoena issues and also resolve the merits of the underlying claims. We find the record is inadequate for resolving the underlying issues. *See Spence v. Wingate*, 381 S.C. 487, 489, 674 S.E.2d 169, 170 (2009) (remanding to this Court "for a ruling on the merits" after finding this Court erred by deciding an issue was unpreserved). Under these circumstances, we decline to exercise our discretion to invoke a mootness exception to resolve these arguments. *See Sloan*, 380 S.C. at 535, 670 S.E.2d at 667 ("The utilization of an exception under the mootness doctrine is flexible and discretionary pursuant to South Carolina jurisprudence, not a mechanical rule that is automatically invoked."); *id*. at 537, 670 S.E.2d at 668 (finding the record before the court was "insufficiently developed to exercise [its] discretion under a mootness exception").

Additionally, we decline to exercise this Court's discretion to decide Appellant's fourth and final argument because it fails to properly present an appropriate issue for consideration. We decline to review Appellant's argument that the Panel applied the wrong standard of review because the circuit court agreed with Appellant on that limited issue. *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence[,] or decision may appeal."); *Ritter & Assocs., Inc. v. Buchanan Volkswagen, Inc.*, 405 S.C. 643, 655, 748 S.E.2d 801, 807 (Ct. App. 2013) (declining to address issues on which the appellant prevailed below because he was not aggrieved by the order "with regard to those rulings"). Furthermore, on appeal, Appellant fails to specify what standard of review the Panel should have applied and states only that Respondent "had a non-discretionary obligation to comply" with the various statutes. However, this statement fails to argue what standard the Panel should have used to review the chief procurement officer's determination that Respondent complied with the statutes. Thus, we decline to address Appellant's standard of review argument.

Next, Appellant's request in its fourth argument for this Court to review the circuit court's order and offer guidance on the issue of responsibility fails to properly present an argument for appeal. Appellant's assertions fail to argue how the circuit court erred or advocate for how the circuit court should have decided any particular issue and are broad general statements. *See* Rule 208(b)(1)(E), SCACR (requiring "discussion and citations of authority" in the argument section of an appellant's brief); Rule 208(b)(1)(B), SCACR (allowing this Court to disregard a broad,

general statement of an issue); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").  Accordingly, we decline to exercise this Court's discretion to invoke a mootness exception for Appellant's fourth argument.

Based on the foregoing, Appellant's arguments are either procedural or not properly presented for appellate review.  Also, even if we agreed with Appellant's properly presented arguments, remand to the Panel to rule on the merits would be appropriate, which would set up the potential for years of additional litigation over a long ago completed construction project.  Therefore, we decline to exercise this Court's discretion to invoke an exception to the mootness doctrine.

**DISMISSED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.