**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

LM Insurance Corporation, Plaintiff,

v.

Josh Steele, Defendant, Third-Party Plaintiff, Appellant,

v.

Ernie Yarborough d/b/a Yarborough Insurance Agency, Third-Party Defendant, Respondent.

Appellate Case No. 2017-002220

_____

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

_____

Unpublished Opinion No. 2020-UP-273
Submitted February 18, 2020 – Filed September 30, 2020

_____

**APPEAL DISMISSED**

_____

Robert Daniel Dodson, of Law Offices of Robert Dodson, PA, of Columbia, for Appellant.

Elizabeth McDaniel McMillan, of McAngus Goudelock & Courie, LLC, of Greenville, and Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, both for Respondent.

**PER CURIAM:**  This case arises from a breach of contract and collection action filed by LM Insurance Corporation (LMI) to recover additional workers' compensation policy premiums.  Following an audit, LMI sued Josh Steele to recover the additional premiums; Steele then filed a third-party action against his insurance agent, Ernie Yarborough.  This appeal arises from the circuit court's dismissal of Steele's third-party claims due to insufficient service by mail.

Steele argues the circuit court erred in dismissing his third-party complaint due to insufficient service because he corrected any alleged defects in the original mail service by having Yarborough personally served the week before the circuit court's hearing on the motion to dismiss.  We agree.

The circuit court erred in disregarding the corrective personal service on Yarborough when it dismissed Steele's third-party complaint due to the ineffective service by mail.  In granting the motion to dismiss, the circuit court focused on whether Steele's attempted service by mail in April 2017 was effective.  However, the record indicates Yarborough was personally served through a process server on July 28, 2017, the week before the circuit court's hearing on Yarborough's motion.  Thus, the question of ineffective mail service raised through Yarborough's Rule 12(b)(5), SCRCP, motion was moot once Steele had Yarborough personally served prior to the hearing—and within the 120-day service period of Rule 3(a).  *See Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."); Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing."); Rule 14(a), SCRCP ("At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.  The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer.").  As no "actual controversy capable of specific relief exists," we dismiss the appeal.  *See Sloan*, 380 S.C. at 535, 670 S.E.2d at 667 ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists.").

**APPEAL DISMISSED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.