**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph Edward McMullen, Appellant,

v.

Terra Oaks Architectural Committee, Paola Rogers, Dwain Cook and John Simpson as putative members of the Terra Oaks Architectural Committee, Respondents.

Appellate Case No. 2018-000340

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

Unpublished Opinion No. 2021-UP-049
Submitted February 1, 2021 – Filed February 24, 2021

**APPEAL DISMISSED**

Robert Clyde Childs, III, of Childs Law Firm, of Greenville; and J. Falkner Wilkes, of Greenville, both for Appellant.

Whitney Boykin Harrison, of McGowan Hood & Felder, LLC, of Columbia; Allison Paige Sullivan, of Bluestein Thompson Sullivan LLC, of Columbia; and Ralph Gleaton, of Gleaton Law Firm, PC, of Greenville, all for Respondents.

**PER CURIAM:** Joseph Edward McMullen appeals the Master-in-Equity's order finding in favor of Terra Oaks Architectural Committee (Terra Oaks). On appeal, McMullen argues the Master erred in determining his request to divide his property was not approved by the inaction of Terra Oaks in the allocated fifteen-day period within the covenants of the Terra Oaks subdivision. After filing the appeal, McMullen sold his property in the Terra Oaks subdivision. Because this court cannot provide effectual relief regarding Terra Oaks' denial of McMullen's request to divide his property, we dismiss the appeal as moot pursuant to Rule 220(b), SCACR, and the following authorities: *Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("The court does not concern itself with moot or speculative questions."); *id.* ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists."); *id.* ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."); *id.* ("Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief.").

**APPEAL DISMISSED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.