**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Stacardo Grissett, Appellant.

Appellate Case No. 2018-001525

---

Appeal From Richland County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-351
Submitted September 1, 2021 – Filed October 13, 2021

---

**DISMISSED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Matthew C. Buchanan, of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Appellant Stacardo Grissett pleaded guilty to strong armed robbery, kidnapping, and second-degree lynching, and was sentenced to a term of imprisonment of ten years on September 16, 2010. After serving 85 percent of his

sentence, Appellant was released from prison pursuant to the Community Supervision Program (CSP) on August 1, 2017. Approximately two months after Grissett's release, the South Carolina Department of Probation, Parole and Pardon services (the Department) issued a warrant for Grissett's arrest following violations of the terms and conditions of his CSP. Grissett allegedly conspired with another individual to commit armed robbery and kidnapping, while being in possession of a weapon during the commission of a violent crime. The warrant was served on November 1, 2017.

The CSP revocation hearing was held on May 18, 2018, at which time Grissett had 299 days remaining on his CSP. At the hearing, the court revoked Grissett's CSP in full without giving him credit for time served. On May 24, 2018, Grissett filed a motion to vacate and reconsider the sentence, which the circuit court denied. This appeal followed.

Grissett argues the circuit court erred in denying him credit for the 198 days he served in custody between the service of the CSP warrant and his revocation hearing.

Grissett argues the circuit court erred by refusing to give Grissett credit for time served as required by section 23-13-40 of the South Carolina Code (2007), and such refusal was in violation of section 24-21-560(C) of the South Carolina Code (2007). The State counters that section 23-13-40 did not require the circuit court to give Grissett credit for time served because (1) the statute only requires credit for time served prior to trial and sentencing; (2) the CSP revocation hearing was not a trial; and (3) unlike probation, CSP is a part of an offender's active sentence.

This issue is moot because Grissett has completed his sentence and is no longer incarcerated. *See Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."); *id.* ("Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief.").

Grissett concedes that the issue is moot but argues that the court should address the issue because it is capable of repetition but will evade review. *See id.* (indicating one of three exceptions to the mootness doctrine is that: the issue raised is capable of repetition but generally will evade review).

We are disinclined to accept Grissett's request for appellate review under these circumstances. *See Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("The utilization of an exception under the mootness doctrine is flexible and discretionary pursuant to South Carolina jurisprudence, not a mechanical rule that is automatically invoked.").

We would be more inclined to accept Grissett's request for appellate review if this were a situation in which a defendant was held for an extended period of time before his revocation hearing on a CSP warrant for *solely* technical violations of his CSP conditions. However, in situations such as the current matter, where a defendant was being held concurrently on additional pending violent offenses, we are less apt to address the matter. Therefore, the appeal before us is

**DISMISSED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.