**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Leticia, LLC, Movant,

In Re:

M&T Bank, Plaintiff,

v.

Tyrone Davis; Bobby J. Bellamy; BC Fund and Management LLC d/b/a BC Fund, LLC, Defendants.

And

M&T Bank, Respondent,

v.

Tyrone Davis, Bobby J. Bellamy, BC Fund and Management, LLC d/b/a BC Fund, LLC, Defendants,

Of whom Bobby J. Bellamy is the Appellant,

And

Tyrone Davis is the Respondent.

And

Bobby J. Bellamy, Appellant,

v.

William O. Smith, Third Party Defendant.

Appellate Case No. 2019-001682

---

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity
Ralph P. Stroman, Special Referee

---

Unpublished Opinion No. 2022-UP-146
Submitted February 1, 2022 – Filed March 23, 2022

---

**AFFIRMED**

---

Bobby J. Bellamy, of Little River, pro se.

Kirby Darr Shealy, III and W. Cliff Moore, III, both of
Adams and Reese LLP; John Brian Kelchner, of Turner
Padget Graham & Laney, PA.; Ashley Zarrett Stanley, of
Hutchens Law Firm; and Stephanie M. Huggins, of Riley
Pope & Laney, LLC, all of Columbia, for Respondent
M&T Bank.

Daniel Quigley Orvin and Matthew Tillman, both of
Womble Bond Dickinson LLP, of Charleston, for
Respondent Tyrone Davis.

---

**PER CURIAM:** Bobby J. Bellamy appeals (1) the Master-in-Equity's report on sale and disbursements from a foreclosure sale—in which Leticia, LLC, was the purchaser—and (2) the special referee's writ of assistance to remove other parties from the foreclosed property (the Property). Bellamy argues the master was unable to convey the Property to Leticia, LLC, because (1) the master's Report on sale and disbursement did not comply with South Carolina law because the bidding did not reopen on the thirtieth day after the sale; (2) the master erred in reforming the deeds in the chain of the title without inquiring further into potential defects or

adverse claims in the public record that raised red flags about the quit claim deed of Bellamy's transfer to BC Fund LLC; (3) the circuit court erred in dismissing his counterclaim for civil conspiracy; (4) the master erred in reforming the quit claim deed because BC Fund and Management, LLC was required to use its legal name in all aspects of business or register a doing-business-as name; and (5) the circuit court erred in allowing M&T Bank to amend its complaint to seek reformation of the name on the deeds from BC Fund LLC to BC Fund and Management, LLC d/b/a BC Fund LLC.  We affirm.

Bellamy failed to serve Leticia, LLC, with the notice of appeal of the writ of assistance, which declared Leticia, LLC, was entitled to possession of the foreclosed property and ordered Bellamy be removed from the Property.  This ruling is now the law of the case.  *See* Rule 203(b)(1), SCACR (stating the notice of appeal in a civil action must be served on all respondents within thirty days following the receipt of written notice of the entry of the order or judgment); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14, 602 S.E.2d 772, 775 (2004) (stating the requirement of service of the notice of appeal is jurisdictional); *Judy v. Martin*, 381 S.C. 455, 459, 674 S.E.2d 151, 153 (2009) (stating "an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal").  Accordingly, this case is moot because this court is unable to grant Bellamy the relief he seeks.  *See Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists."); *id.* ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy.").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.