**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Brittany A. Thomas-Scibuola, Jeffrey Scibuola, Sr., Jeffrey Scibuola, Jr., and Tracy Scibuola, Defendants,

Of whom Tracy Scibuola is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-000421

———————————

Appeal From York County
Thomas Henry White, IV, Family Court Judge
David G. Guyton, Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-237
Submitted May 2, 2022 – Filed June 1, 2022

———————————

**AFFIRMED**

———————————

Barrett Wesley Martin, of Barrett W. Martin, P.A., of Rock Hill, for Appellant.

R. Chadwick Smith, of South Carolina Department of Social Services, of Rock Hill, for Respondent.

Rebecca T. McNerney, of Waxhaw, North Carolina, for the Guardian ad Litem.

---

**PER CURIAM:**  Tracy Scibuola appeals a family court order denying her Rule 60(b)(4), SCRCP, motion to declare void a portion of a non-emergency removal order finding she and Jeffrey Scibuola, Sr. were common law married.  On appeal, she argues the family court lacked jurisdiction to declare the couple common law married and to order her to pay Jeffrey, Sr.'s attorney's fees.  We affirm.

1.  We hold the issue of whether the family court lacked jurisdiction to declare the couple common law married is moot because Tracy and Jeffrey, Sr. were divorced at the time Tracy filed the Rule 60(b)(4) motion.  *See Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("Th[is] court does not concern itself with moot or speculative questions."); *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy.  This is true when some event occurs making it impossible for reviewing Court to grant effectual relief.").

2.  We hold the family court had the authority to order Tracy to pay attorney's fees.  Although the underlying case was one regarding abuse and neglect, Tracy's 60(b)(4) motion dealt solely with the issue of whether the family court's finding that the couple was common law married was void.  Thus, the family court had the authority to order Tracy to pay Jeffrey, Sr.'s attorney's fees incurred in defending against the motion.  *See Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019) (stating that an appellate court "reviews a family court's award of attorney's fees de novo"); S.C. Code Ann. § 20-3-130(H) (2014) ("The [family] court . . . may order one party to pay a reasonable amount to the other for attorney fees . . . incurred in maintaining an action for divorce from the bonds of matrimony, as well as in actions for separate maintenance and support, including sums for services rendered and costs incurred before the commencement of the proceeding and after entry of judgment, pendente lite and permanently."); *Pirri v. Pirri*, 369 S.C. 258, 271, 631 S.E.2d 279, 286 (Ct. App. 2006) (affirming the family court's award of attorney's fees in a divorce action involving a common law marriage).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**