**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Appellant,

v.

Cherry Couillard and James Couillard, Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-000799

———————————

Appeal From Richland County
Monét S. Pincus, Family Court Judge

———————————

Unpublished Opinion No. 2023-UP-054
Submitted February 1, 2023 – Filed February 8, 2023

———————————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————————

Dennis M. Gmerek, of Columbia, for Appellant.

Brett Lamb Stevens, of Stevens Law, LLC, of Columbia, for Respondent Cherry Couillard.

Catherine Townes Johnson, of Law Office of Catherine T. Johnson, LLC, of Columbia, for Respondent James Couillard.

PER CURIAM: The South Carolina Department of Social Services (DSS) appeals the family court's final order dismissing its abuse and neglect action against Cherry Couillard (Mother) as moot and ordering DSS to change its internal case finding from "indicated" to "unfounded." On appeal, DSS argues (1) the case is not moot because it could have collateral consequences to Mother, and (2) the family court erred in ordering DSS to change its internal finding without holding an evidentiary hearing. We affirm in part, reverse in part, and remand to the family court for factual findings.

1. We hold the family court correctly found the child custody issue was moot because, at the time of the hearing, the child had reached the age of majority. *See Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists."); *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) (explaining a case is moot when "a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court"). However, we hold the appeal as a whole is not moot because DSS's internal case finding could have collateral consequences to Mother. *See Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) ("[I]f a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot . . . .").

2. We hold the family court erred in ordering DSS to change its internal finding without factual findings regarding the sufficiency of the evidence. *See* S.C. Code Ann. § 63-7-930(A) (2010) ("Reports of child abuse and neglect must be classified in the department's data system and records in one of three categories: Suspected, Unfounded, or Indicated."); S.C. Code Ann. § 63-7-930 (B)(1) (2010) ("Indicated findings must be based upon a finding of the facts available to the department that there is a preponderance of evidence that the child is an abused or neglected child. Indicated findings must include a description of the services being provided the child and those responsible for the child's welfare and all relevant dispositional information."); S.C. Code Ann. § 63-7-930(B)(2) (2010) ("If the family court makes a determination . . . that the indicated finding is not supported by a preponderance of evidence that there was any act of child abuse or neglect, the case classification must be converted to unfounded . . . ."). Here, the family court made no determination as to whether a preponderance of the evidence supported

DSS's internal finding.  Thus, we reverse the family court's directive that DSS change its internal case finding from "indicated" to "unfounded" and remand to the family court for findings regarding the sufficiency of the evidence.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.