**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Larry Rahn, Respondent,

v.

Barbara Smith, Appellant.

Appellate Case No. 2020-000607

Appeal From Colleton County
Perry M. Buckner, III, Circuit Court Judge
Bentley Price, Circuit Court Judge

Unpublished Opinion No. 2024-UP-131
Submitted April 10, 2024 – Filed April 24, 2024

**AFFIRMED IN PART AND VACATED IN PART**

Gregory E. Parker, Jr., of Parker Law, LLC, of
Columbia; and Thomas J. Rode, of Thurmond Kirchner
& Timbes, P.A., of Charleston, both for Appellant.

Ronnie Lanier Crosby and John Elliott Parker, Jr., both
of Parker Law Group, LLP, of Hampton, for Respondent.

**PER CURIAM:** Barbara Smith appeals two orders from the circuit court. The first, a December 2019 order, granted summary judgment to Larry Rahn (Larry) and ordered the parties to fully comply with the terms of a 2015 settlement

agreement on or before July 11, 2020.  The second, a December 2021 order, extended the time for specific performance from July 11, 2020 to February 1, 2022.  On appeal, Smith first argues the time for performance under the orders has expired and thus the matter is moot.  She next contends that even if the matter is not moot, the circuit court erred when in its December 2019 order it found Larry was entitled to specific performance on or before July 11, 2020, and further erred when in its December 2021 order, it sua sponte extended the deadline for specific performance to February 1, 2022.  We affirm in part and vacate in part pursuant to Rule 220(b), SCACR.

Following the deaths of their parents, four siblings—Larry, Smith, Loretta Harriett, and Brantley Rahn (Brantley)—inherited a quarter interest each in two parcels of real property; the smaller parcel was known as "Glover Place" and the larger parcel was known as "Home Place."  Subsequently, Brantley died, and his children Kenneth Rahn (Kenneth) and Nancy Crosby inherited his interest in the property.  In November 2015, Larry, Smith, Harriett, Kenneth, and Crosby engaged in mediation and executed two settlement agreements.  The first agreement (Settlement Agreement 1) essentially provided Harriett would relinquish her interest in Home Place to Larry, Smith, Kenneth, and Crosby, pro rata; in exchange, Larry, Smith, Kenneth, and Crosby would relinquish their interests in Glover Place.  The second agreement (Settlement Agreement 2) provided, "In light of mediation, [Loretta] has relinquished her interest in the 'Home Place Tract' property.  Due to such, the current ownership of the 'Home Place Tract' is 1/3 interest to [Larry], 1/3 interest to [Smith], 1/6 interest to [Kenneth] and 1/6 interest to [Crosby]."  It then provided, "[Smith] will deed her interest in this property to [Rahn], [Kenneth], and [Nancy] for the sum of three hundred and twelve thousand and 00/100 ($312,000.00) dollars.  [Larry], [Kenneth], and [Crosby] have 24 months to deliver funds to [Smith] in exchange for her interest in the land."  It also stated each party was "responsible for their own deed and plat preparation . . . ."

Both agreements were signed by the relevant parties on November 20, 2015.  However, Harriett did not execute the deeds required under Settlement Agreement 1 until July 11, 2018.  In Fall 2018, Larry approached Smith regarding a proposal to cut timber on Home Place, the proceeds of which he planned to use to pay the $312,000 under Settlement Agreement 2.  Smith declined, at least in part because more than twenty-four months had passed following the execution of Settlement Agreement 2.  Larry then filed a summons and complaint, seeking specific performance of Settlement Agreement 2.  After Smith answered, Larry moved for summary judgment, and the circuit court held a hearing.  In its subsequent order on December 3, 2019, the circuit court granted Larry's motion for summary judgment,

finding the twenty-four months did not begin to run until Harriett relinquished her interest in Home Place on July 11, 2018; thus, the twenty-four months would expire on July 11, 2020. It also ordered Smith "to transfer her interest in the Home Place upon payment of $312,000.00 per the terms of the Settlement Agreement 2" and ordered the parties "to fully comply with [t]he terms of the Settlement Agreement 2 on or before July 11, 2020[,] which is two years after the transfer from Harriett of her interest in the Home Place."

In April 2020, Smith appealed the December 2019 order; Larry did not appeal or seek a stay of the December 2019 order. In October 2020, Smith moved before this court for leave in which to file a Rule 60(b)(5) of the South Carolina Rules of Civil Procedure motion with the circuit court, on the basis that the issues in this matter were "moot or otherwise not justiciable" because the July 11, 2020 deadline ordered in the December 2019 order had passed, and Larry had not performed. This court granted Smith's request and held the appeal in abeyance. Smith filed the Rule 60(b)(5) motion and a hearing was held. The circuit court held the time for performance should be equitably tolled because there was no evidence Larry was not ready, willing, and able to perform on July 11, 2020, and thus extended the deadline to perform until February 1, 2022. Smith appealed this order and the two appeals were consolidated.

Initially, we hold the circuit court did not err by determining the twenty-four months did not begin to run until Harriett relinquished her interest in Home Place. Thus, the circuit court did not err by setting the performance deadline on July 11, 2020—two years after Harriett's relinquishment. Although Smith subsequently appealed the December 2019 order, the time continued to run and finally expire on July 11, 2020, because a judgment directing the sale or delivery of possession of real property is not automatically stayed upon the filing of the notice of appeal and neither party sought a stay. *See* Rule 241(a)-(b), SCACR (listing exceptions to the "general rule" that "the service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order . . . on appeal, and to automatically stay the relief ordered in the appealed order"); Rule 241(b)(4) (providing a "judgment directing the sale or delivery of possession of real property" is one such exception). Because Larry did not perform by or appeal the date set in the December 2019 order, nor move for a stay of the same, the issues raised by Smith in this matter—namely whether the time for performance expired on November 20, 2017 rather than July 11, 2018—became moot when the time for performance expired following the July 11, 2020 deadline. *See Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter

when no actual controversy capable of specific relief exists.  A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." (citation omitted)).  Further, this court remanded to the circuit court in 2020 for the limited purpose of ruling on Smith's Rule 60(b)(5) motion, which asked for relief from the December 2019 order.  Because the circuit court exceeded its jurisdiction by extending the time for performance, we vacate the circuit court's December 2021 order.

**AFFIRMED IN PART AND VACATED IN PART.**[1]

**WILLIAMS, C.J., and MCDONALD and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.